UNITED STATES of America, Appellee,

v.

**Roger EAGLE ELK, Appellant.**

No. 86–5339.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1987.

Decided June 10, 1987.

Rehearing and Rehearing En Banc
Denied July 15, 1987.

Robert C. Riter, Jr., Pierre, S.D., for appellant.

Philip N. Hogan, U.S. Atty., Pierre, S.D., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Roger Eagle Elk appeals from the district court's[1] order denying his 28 U.S.C. § 2255 petition for writ of habeas corpus. He argues that the conviction underlying his incarceration was not necessarily based upon a unanimous jury verdict, in violation of his sixth amendment right to a trial by jury. We affirm.

## I. BACKGROUND.

On October 1, 1980, Eagle Elk was indicted under 18 U.S.C. §§ 1111 and 1153 for the first degree murder of Gary Stoneman. Eagle Elk's brother-in-law, Richard Leader Charge, was also arrested in connection with the Stoneman murder. Leader Charge pleaded guilty to a burglary charge, however, and agreed to testify on behalf of the government, in return for having the murder charge against him dropped. Eagle Elk's jury trial in federal district court[2] commenced on February 9, 1981.

Testimony at trial indicated that on the night of Stoneman's death, both Eagle Elk and Leader Charge had gone to Stoneman's house, where Stoneman and Remina Eagle Elk, Eagle Elk's sister and Leader Charge's wife, were in bed asleep. Eagle Elk had thought that Stoneman had been involved in the killing of Eagle Elk's mother, to which Eagle Elk's father had pleaded guilty. Eagle Elk fired a shot into the bedroom, which apparently killed Stoneman.

On February 13, 1981, the jury returned a verdict of guilty of second degree murder in violation of 18 U.S.C. §§ 1153 and 1111. The trial court sentenced Eagle Elk to forty years' imprisonment. Eagle Elk appeal-ed his conviction and sentence, and a panel of this court affirmed the jury verdict and sentence on September 15, 1981. *See United States v. Eagle Elk*, 658 F.2d 644 (8th Cir.1981).

On or about July 12, 1985, Eagle Elk filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. He alleged (1) the jury instructions sanctioned a non-unanimous verdict, thereby (2) denying him due process of law, and (3) any failure to raise this issue on a timely basis was due to ineffective assistance of counsel. The district court denied Eagle Elk's petition on March 31, 1986. The appeal followed.

## II. DISCUSSION.

Eagle Elk argues that given the trial court's instructions, some of the jurors could have found him guilty of the acts of the principal, while others only found him guilty of aiding and abetting, in the murder of Gary Stoneman. The challenged instruction read, in pertinent part:

Title 18, United States Code, Section 2, provides:

"Whoever commits an offense against the United States *or* aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

"Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States is punishable as a principal."

So, if the acts or conduct of an associate of the Defendant are willfully directed or authorized by him, *or* if the Defendant aids and abets another person by willfully joining together with such person in the commission of a crime, then the law holds the Defendant responsible for the acts and conduct of such other person just as though he had committed the acts or engaged in such conduct himself. [Emphasis supplied.]

---

**1.** The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota.

**2.** The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota.

The trial court also instructed the jury that, "The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous." Eagle Elk argues that this instruction on unanimity was too general to insure that the jury understood that it must unanimously agree to a particular set of facts. Eagle Elk concedes that defense counsel did not object to the jury instructions at trial, however.

 Under the sixth amendment, a criminal defendant in federal court has a non-waivable right to a unanimous jury verdict. *United States v. Gipson*, 553 F.2d 453, 456 & n. 4 (5th Cir.1977). The Constitution thus requires jurors to reach substantial agreement as to the nature of a defendant's guilty act before they may reach a verdict of guilty. *Id.* at 457; *see also United States v. Mastelotto*, 717 F.2d 1238, 1247–48 (9th Cir.1983). The mere fact, however, that an instruction could conceivably permit a jury to reach a non-unanimous verdict is not sufficient to require reversal when the jury has been instructed that it must reach a unanimous verdict. *Fryer v. Nix*, 775 F.2d 979, 992 (8th Cir. 1985).

In the present case, the jury returned a unanimous verdict finding Eagle Elk guilty under 18 U.S.C. § 2(a), which was quoted in the trial court's instructions. The statute makes an aider or abettor in an offense against the United States "punishable as a principal." Even if the jury was divided on whether Eagle Elk committed the principal crime or aided or abetted in its commission, there can be no question that the illegal act was murder. *See United States v. Peterson*, 768 F.2d 64, 66–67 (2d Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 257, 88 L.Ed.2d 264 (1985) (Friendly, J.) (interpreting *Gipson, supra,* in 18 U.S.C. § 2(a) drug possession case, as requiring that the jury verdict be unanimous with regard to the act of possession, not as to whether defendant was principal or aider or abettor); *cf. Gipson*, 553 F.2d at 458–59 (instructing jury to convict defendant upon finding he received, concealed, stored, bar-

tered, sold or disposed of stolen property deprived defendant of unanimous verdict because the first three acts are conceptually distinct from the last three acts). Thus the jurors were in substantial agreement as to the nature of Eagle Elk's guilty act, as required by the sixth amendment.

Accordingly, we hold that Eagle Elk has failed to demonstrate any violation of his right to a jury trial. Likewise, his ineffective assistance of counsel claim also fails. The district court's order denying a writ of habeas corpus is affirmed.