**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas D. OTTERSBURG,
Defendant–Appellant.**

**No. 95–1847.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 16, 1996.

Decided March 1, 1996.

Before CUMMINGS, Circuit Judge, RIPPLE, Circuit Judge, and EVANS, Circuit Judge.

**ORDER**

This case is before the court on a petition for rehearing filed by the government. On February 2, 1996, this court reversed the defendant's conviction because the district

---

court had permitted two alternate jurors to deliberate with the jury, in violation of Federal Rule of Criminal Procedure 24(c). We refer the reader to that decision for a more extensive treatment of the issue. *See United States v. Ottersburg*, 76 F.3d 137 (7th Cir. 1996).

In the petition for rehearing, the government does not contest the decision of this court with respect to the participation of the alternate jurors in the jury deliberations. It points out, however, that the defendant also challenged the legal sufficiency of the evidence with respect to Count IV of the indictment. It suggests that our holding in *United States v. Douglas*, 874 F.2d 1145, 1150 (7th Cir.1989), requires that we address this sufficiency of the evidence issue. In our decision, we noted that the "jury did not find the defendant guilty of all charges, and at least one of the charges upon which he was convicted presented a relatively close issue of proof." *Ottersburg*, 76 F.3d at 140. This description of the task of the jury conveyed, albeit obliquely, our determination that each of the charges submitted to the jury was indeed a jury issue. The latter reference in the above-quoted passage was intended to refer to Count IV of the indictment. Nevertheless, our reference was not as clear as it should have been, and we now make clear that we do not accept the submission of the defendant that the evidence submitted on Count IV was legally insufficient to support a verdict of guilty. With this clarification, the petition for rehearing is DENIED.

DENIED.