## State of Vermont v. Timothy Goyette

[691 A.2d 1064]

No. 96-067

Present: **Gibson, Dooley, Morse and Johnson, JJ., and Allen, C.J. (Ret.), Specially Assigned**

Opinion Filed February 28, 1997

*Sandra W. Everitt*, Addison County Deputy State's Attorney, Middlebury, for Plaintiff-Appellee.

*Thomas C. Nuovo* of *Nuovo, Gale & Fuller, P.C.*, Burlington, for Defendant-Appellant.

**Johnson, J.** Defendant, who was found guilty of violating a final relief-from-abuse order that had incorporated a stipulation prohibiting him from abusing or harassing his estranged wife, appeals the conviction on the grounds that the underlying order was invalid and that the trial court erred in instructing the jury on the definition of harassment. We conclude that the court's instruction requires reversal of the conviction.

Defendant and the complainant were married in 1983 and had three children before separating in September 1993, at which time a temporary relief-from-abuse ordered was issued against defendant. As the result of incidents occurring during this period of separation, defendant was charged with domestic assault and with violating the temporary abuse-prevention order. At the final relief-from-abuse hearing on October 12, 1993, defendant and the complainant, who were both represented by counsel, presented the family court with a stipulation (1) stating that defendant "shall be prevented and restrained for a period of one year from directly or indirectly harassing

or abusing" the complainant; (2) establishing a schedule for temporary joint custody of the children; (3) making a temporary distribution of the parties' real estate and personal property; and (4) requiring the parties to attend various types of counseling. The stipulation was incorporated by reference into the family court's final relief-from-abuse order. In January 1994, defendant pled no contest to the charges of domestic assault and violation of the temporary relief-from-abuse order.

In July 1994, defendant was charged with violating the final relief-from-abuse order by making harassing statements and threatening phone calls to the complainant on several occasions in late June and early July 1994. After the district court denied his motion to dismiss and rejected a plea agreement reached by him and the State, defendant withdrew his no-contest plea. Following a two-day trial, a jury found defendant guilty of violating the final abuse-prevention order. The district court ordered defendant to serve four months in jail, to be followed by a two-and-one-half-year probationary period, during which time he would be subject to numerous conditions dealing with counseling, substance abuse, and contact with the complainant. On appeal, defendant argues that (1) the final relief-from-abuse order was defective because the family court failed to make findings that he had abused the complainant; (2) he was improperly prosecuted for and convicted of acts beyond the scope of the abuse-prevention statute; and (3) the definition of harassment contained in the district court's jury charge was overly broad and thus could have resulted in the jury convicting him for legitimate acts.

Defendant was convicted of a felony for violating a provision in a final relief-from-abuse order that incorporated by mere reference a stipulation dealing with not only harassment and abuse, but also parental rights and responsibilities, property distribution, and counseling. The family court incorporated the stipulation into its final abuse-prevention order without finding that defendant had abused the complainant or that the harassment provision in the stipulation was necessary to prevent future abuse. Thus, the sole basis for the felony criminal prosecution against defendant was a stipulation that did not confirm prior abuse and that dealt primarily with issues more properly reserved for divorce or other custody proceedings. See *Rapp v. Dimino*, 162 Vt. 1, 5, 643 A.2d 835, 837 (1993) (abuse-prevention statute is aimed at providing immediate relief for abuse victims, not at determining the parties' rights with respect to custody, support, or property; expedited nature of abuse hearings is ill-suited for custody determinations not involving abuse of children).

■ On appeal, the same attorney who agreed to the stipulation and offered it to the family court in the abuse proceedings now argues that the court did not have authority to adopt the stipulation in its final relief-from-abuse order. We have recently held that defendants may not collaterally attack abuse-prevention orders that they have been accused of violating, except on the basis of jurisdictional defects. *State v. Mott*, 166 Vt. 188, 192, 692 A.2d 360, 363 (1997). Thus, defendant's claim that the family court improperly relied on the parties' stipulation rather than making appropriate findings to support its final abuse-prevention order is an unpreserved and otherwise unavailing collateral attack on the underlying order. *Id.* at 194, 692 A.2d at 364 (failure to make findings in support of abuse-prevention order does not rise to level of jurisdictional defect that would allow collateral attack on order following prosecution for violation of order).

■ Nor are we persuaded by defendant's contention that the State's information was invalid because it charged him with harassment, which he argues is beyond the scope of the conduct the abuse-prevention statute seeks to deter. The statute permits the family court to issue any order that "it deems necessary to protect the plaintiff." 15 V.S.A. § 1103(c). Such orders not only may require the defendant to refrain from abusing the plaintiff, but they also may require the defendant to refrain from interfering with the plaintiff's personal liberty, and may restrict the defendant's ability to contact the plaintiff or to come within a fixed distance of the plaintiff. *Id.* § 1103(c)(1). In short, a relief-from-abuse order may prohibit otherwise legitimate conduct to prevent future abuse, and that conduct may serve as the basis of a criminal conviction for violating the order.

Nevertheless, when we consider the circumstances of this case in the context of the court's charge, we conclude that the conviction must be reversed. During the trial, the State presented evidence of the following incidents concerning defendant's alleged harassment of the complainant. On June 25, while returning the children to the complainant, defendant made derogatory comments concerning the complainant's love life and called her insulting names. On June 27, he called the complainant twice and asked her why she left him, stating at one point: "I promised to be married till death do us part." On July 9, after learning that the complainant was planning to relocate to California with the children, defendant told her during a telephone call that he would fight her "forever" for custody of the children and would kill her before letting her have the children full time. On July 10, he made an unexpected and unwanted appearance at the beach

and interfered with the complainant's time with the children. On July 14, he telephoned the complainant at 6:14 a.m. to complain about the shoes she had purchased for one of the children. On July 16, when the complainant arrived to pick the children up early, as he had requested, he made insulting comments about her lifestyle and love life. Finally, on July 19, he called the complainant early in the morning with questions about babysitters and insurance.

The district court instructed the jury that defendant had been charged with harassing the complainant by making harassing statements and threatening phone calls in June and July 1994. The court defined the word "harass" as "to engage in repeated acts which trouble, worry, torment, disturb or threaten another." After thus defining harassment, the court told the jurors that before they could find defendant guilty, they would have to agree unanimously that he committed at least one of the six or so acts alleged by the State, and that the one act, in concert with all of the evidence heard, harassed the complainant.

Accordingly, under the court's instruction, the jurors could have convicted defendant, at a minimum, based on their unanimous conclusion that (1) only one of the several acts alleged by the State — say defendant's disruptive visit to the beach or his early morning phone call regarding babysitting concerns — occurred, and (2) the visit or the phone call amounted to harassment because it troubled or disturbed the complainant. The only unanimity required by the instruction was that one of the six acts occurred; the court's charge did not assure unanimity among the jurors as to whether some or all of the other acts occurred. Cf. *State v. Couture*, 146 Vt. 268, 272, 502 A.2d 846, 849 (1985) (trial court committed plain error by giving charge that did not assure jury's unanimity regarding essential element of crime of kidnapping).

Further, under the court's broad definition of harassment, virtually any conduct by defendant causing disagreement between the parties or concern on the part of the complainant could have resulted in defendant's criminal liability for violating the relief-from-abuse order. We recognize that defendant had previously pled no contest to violating the temporary abuse-prevention order by engaging in harassing conduct, and thus should have been aware of the limitations placed on his behavior. But we also recognize that the parties were sharing parental rights and responsibilities during an acrimonious period preceding their divorce, and thus regular contact and some amount of disagreement between the parties was inevitable.

In short, the court's broad definition of harassment permitted defendant to be convicted on the basis of virtually any behavior that bothered the complainant. We conclude that the court's instruction was reversible error under the circumstances. Although the alleged acts, taken together, could have supported the jury's verdict, the court's instruction required far less to convict defendant.

We decline defendant's request that we mandate a specific definition of harassment requiring the jury to find that the alleged acts were committed for no legitimate purpose and caused the complainant emotional distress. A definition of harassment could conceivably vary depending on the circumstances of individual cases.

*Reversed and remanded.*