## In re Vincent ILLUZZI

[723 A.2d 315]

No. 98-191

July 28, 1998. The Professional Conduct Board's recommendation that petitioner be reinstated to the practice of law is accepted. Petitioner is reinstated as of the date of this order.

## STATE of Vermont v. Dennis PREMO

[719 A.2d 398]

No. 96-424

August 18, 1998. In this prosecution for violation of an abuse prevention order, the State has taken an interlocutory appeal challenging the jury instruction the district court proposed to give to define "harassment." The State charged that defendant harassed the victim in violation of an abuse prevention order that prohib-

ited harassment. The court ruled that it would instruct the jury that violation of an abuse prevention order is a specific intent crime and that the definition of harassment contained in 13 V.S.A. § 1061(4) would apply. The State offered no alternative definition of harassment, arguing that the jury should be instructed to apply the term "based on its common sense meaning."

Defendant, who is represented by retained counsel, has declined to file a brief in this case. The case was presented to the Court on briefs approximately nineteen months after permission for interlocutory appeal was granted by the district court.

In *State v. Goyette*, 166 Vt. 299, 304, 691 A.2d 1064, 1067 (1997), in which defendant successfully appealed a criminal violation of an abuse prevention order conviction, we held that the definition of harassment charged to the jury was too broad and added:

> We decline defendant's request that we mandate a specific definition of harassment . . . . A definition of harassment could conceivably vary depending on the circumstances of individual cases.

We are similarly unwilling to mandate a specific definition here. Although we have before us the police officer's affidavit accompanying the information, there has been no evidence heard to show the circumstances of the case. Further, the State has refused to offer any alternative definition of harassment, and the advocacy to us is entirely one-sided because defendant has not filed a brief.

We conclude that the posture of this case makes it inappropriate for interlocutory review. See *State v. Dubois*, 150 Vt. 600, 603, 556 A.2d 86, 88 (1988). We reluctantly conclude that permission for interlocutory review was improvidently granted.

*Appeal dismissed.*