UNITED STATES of America, Plaintiff,

v.

Juan CAUSOR–SERRATO, Defendant.

No. CR 98–4012–MWB.

United States District Court, N.D. Iowa, Western Division.

June 16, 1999.

Peter E. Deegan, Jr., Special Asst. U.S. Atty., Sioux City, IA, for U.S.

Jana Miner, Asst. Federal Public Defender, Sioux City, IA, for Juan Causor-Serrato.

## MEMORANDUM OPINION AND ORDER REGARDING THE GOVERNMENT'S OBJECTION TO THE VERDICT FORM

BENNETT, District Judge.

When the parties in this criminal case made objections to the final form of the jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure,

the government objected to the inclusion of signature lines for all jurors on the verdict form. The government asserted that requiring all jurors to sign the verdict form was inconsistent with Rule 31(d) of the Federal Rules of Criminal Procedure, which provides for polling of the jury. The court orally overruled the government's objection at the time, because the government could not show any potential prejudice to any party, the objection was not supported by the plain meaning of Rule 31(d), and the court believes that requiring all jurors to sign the verdict form furthers the defendant's bedrock constitutional right to a unanimous verdict in a federal criminal case. Because of the importance of the issues involved, the court believes that a written ruling on this matter is appropriate.

The government premised its objection on construction of Rule 31 of the Federal Rules of Criminal Procedure, asserting that the jurors' signatures constituted a poll of the jury, but such a poll is only authorized after the verdict has been returned. Rule 31 provides, in pertinent part, as follows:

> **(a) Return.** The verdict shall be unanimous. It shall be returned by the jury to the judge in open court.
>
> \* \* \* \* \* \*
>
> **(d) Poll of Jury.** After a verdict is returned but before the jury is discharged, the court shall, on a party's request, or may on its own motion, poll the jurors individually. If the poll reveals a lack of unanimity, the court may direct the jury to deliberate further or may declare a mistrial and discharge the jury.

FED. R. CRIM. P. 31(a) & (d). This Rule does not mention verdict forms, or the form in which the verdict is to be rendered. Instead, it specifies only the process of returning a verdict, stating that the verdict must "be returned by the jury to the judge in open court." FED. R. CRIM. P. 31(a).

Looking at the process outlined by Rule 31, the return of the verdict precedes any polling of the jury. FED. R. CRIM. P. 31(a) & (d). Although the Rule does not specify the manner in which the verdict is to be rendered, it does expressly state that "[t]he verdict shall be unanimous." FED. R. CRIM. P. 31(a). Even though the court may have reminded the jury members many times in its instructions that their verdict must be unanimous, the simplest, surest, and most readily apparent indication that the jury has indeed followed that direction is to require all jurors to sign the verdict form. Such an immediate verification of the unanimity of the jury is appropriate, for example, so that the trial judge can determine whether or not the verdict appears to be complete and in accordance with the court's instructions before it is read in open court. Also, requiring all jurors to sign is another way of impressing upon them that unanimity is required. Thus, it does not appear that an indication of unanimity in the form of a verdict signed by all jurors departs from the requirements of Rule 31(a); rather, it is an appropriate procedure to ensure that the express requirement of unanimity in Rule 31(a) has been met.

The court also does not believe that requiring all jurors to sign the verdict form conflicts with Rule 31(d), which provides for a jury poll. First, as a matter of procedure, having all jurors sign the verdict form does not constitute a jury poll pursuant to the Rule. According to Rule 31(d), polling of the jury occurs *after* the "unanimous" verdict is returned, *in open court*, and the procedure for instituting such a poll is set out in the Rule: "[T]he court shall, on a party's request, or may on its own motion, poll the jurors individually." FED. R. CRIM. P. 31(d). Again, perhaps the clearest indication that a poll of the jury would be appropriate would be the return of a verdict form signed only by the jury foreperson, or some but not all of the jurors, when the verdict form provides a place for all jurors to sign.

Furthermore, courts have held that the presence of a verdict form signed by all jurors is one indication—indeed, may be a determinative indication—that a criminal

defendant's right to a unanimous verdict has been met. *See United States v. Chandler,* 996 F.2d 1073, 1089 (11th Cir.1993) (finding that a verdict form signed by each juror and assent of each juror to the verdict during polling indicated no coercion of the jury's verdict), *cert. denied,* 512 U.S. 1227, 114 S.Ct. 2724, 129 L.Ed.2d 848 (1994); *Jones v. Jago,* 701 F.2d 45, 48 (6th Cir.) (holding that an original certified copy of a verdict form signed by all jurors was sufficient to defeat a *habeas corpus* claim that the petitioner had not been convicted by a unanimous jury), *cert. denied,* 464 U.S. 914, 104 S.Ct. 274, 78 L.Ed.2d 255 (1983).[1] However, courts have been quick to conclude that a verdict form signed by all jurors does not constitute or substitute for a poll pursuant to Rule 31(d). *See Government of the Virgin Islands v. Hercules,* 875 F.2d 414, 418 (3d Cir.1989) (the district court erred in refusing to take a poll and by relying instead upon the fact that all of the jurors had signed the verdict slip as an indication of agreement); *accord United States v. Marinari,* 32 F.3d 1209, 1212–13 (7th Cir.1994) (relying on *Hercules* to hold that reliance on verdict forms signed by all jurors was inadequate to meet the requirements of a Rule 31(d) poll, and "leav[ing] no doubt" that "each juror's signature on a verdict form—standing alone—cannot substitute for an oral poll of the jury in open court," and reasoning that this is so, "because the signing of the verdict form in the jury room does not demonstrate uncoerced unanimity, which is the purpose of Rule 31(d)").

Nonetheless, courts have noted that the trial court has some discretion in the manner in which it polls the jury. *See United States v. Miller,* 59 F.3d 417, 420 (3d Cir. 1995) (citing cases demonstrating that "the prevailing view is that the method chosen [to poll the jury] is within the discretion of the trial judge"); *United States v. Stur-*

*man,* 49 F.3d 1275, 1282 (7th Cir.1995) (the manner in which to poll the jury is left to the discretion of the trial judge); *Santiago Hodge v. Parke Davis & Co.,* 909 F.2d 628, 632 (1st Cir.1990) (the purpose of a jury poll is to make certain the jury reached a unanimous verdict, and the court has "substantial discretion" to decide how to conduct the poll). Thus, particularly in light of a verdict form signed by all jurors, some courts have concluded that a collective poll was permissible. *Miller,* 59 F.3d at 420 (citing cases so holding). However, "the preference of the appellate courts, and most district courts, has been for an individual jury poll." *Miller,* 59 F.3d at 420–21 (citing cases, and adopting the "supervisory rule" for district courts in that circuit to conduct polling "individually, rather than collectively"). This court certainly adheres to this preference and has always believed that a poll of the jurors *individually in open court* would be the best procedure to follow on a motion pursuant to Rule 31(d).

The purpose of polling the jury is obviously the same as the purpose of requiring all jurors to sign the verdict form: Protection of the fundamental right to a unanimous verdict in a criminal case. *See Sturman,* 49 F.3d at 1282 ("The purpose of the jury poll is to ensure unanimity by forcing the jurors to voice their accountability."); *United States v. August,* 984 F.2d 705, 711 (6th Cir.1992) ("The purpose of polling the jury is to enable the court and parties to ascertain, with certainty, that each of the jurors approves the verdict as returned."), *cert. denied,* 510 U.S. 854, 114 S.Ct. 158, 126 L.Ed.2d 119 (1993); *United States v. Gambino,* 951 F.2d 498, 502 (2d Cir.1991) ("The purpose of a jury poll is to test the uncoerced unanimity of the verdict by requiring each juror to answer for himself, thus creating individual responsibility, eliminating any uncertainty as to the verdict announced by the foreman. . . . The

---

1. In contrast, allowing alternates as well as principal jurors to sign a verdict form was reversible error, because it indicated that the jurors had had substantive communications during their deliberations with persons who

were not supposed to participate in the deliberations. *United States v. Ottersburg,* 76 F.3d 137, 138, *clarified on other grounds on denial of reh'g,* 81 F.3d 657 (7th Cir.1996).

purpose of the poll is not to interfere with the deliberative process, but rather to insure that the defendant was convicted by a unanimous verdict.") (internal quotation marks and citations omitted), *cert. denied sub nom. D'Amico v. United States*, 504 U.S. 918, 112 S.Ct. 1962, 118 L.Ed.2d 563 (1992). The right to poll the jury is significant, but is not itself a constitutional right. *See Miller*, 59 F.3d at 419–20 (noting that the right to poll the jury is "not of constitutional dimensions," but is nonetheless significant, and discussing the origin, history, and importance of the right); *Sturman*, 49 F.3d at 1282 ("The right to poll a jury is indeed a substantial right, but it is not a constitutional right."); *see also Humphries v. District of Columbia*, 174 U.S. 190, 194, 19 S.Ct. 637, 43 L.Ed. 944 (1899) (characterizing polling the jury as "an undoubted right," and explaining that "[i]ts object is to ascertain for a certainty that each of the jurors approves of the verdict as returned; that no one has been coerced or induced to sign a verdict to which he does not fully assent."). Again, the constitutional right at issue is the right to a unanimous verdict in a criminal case. *See Andres v. United States*, 333 U.S. 740, 748, 68 S.Ct. 880, 92 L.Ed. 1055 (1948) (jury unanimity is constitutionally required for a guilty verdict in federal criminal cases); *United States v. Wiggins*, 104 F.3d 174, 177 (8th Cir.1997) ("Under the Sixth Amendment, a criminal defendant in federal court has a right to a unanimous jury verdict," citing *United States v. Eagle Elk*, 820 F.2d 959, 961 (8th Cir.), *cert. denied*, 484 U.S. 867, 108 S.Ct. 191, 98 L.Ed.2d 143 (1987)); *United States v. Hiland*, 909 F.2d 1114, 1136 (8th Cir.1990) ("Under the sixth amendment, a federal criminal defendant has a non-waivable right to a unanimous jury verdict," also citing *Eagle Elk*); *accord United States v. James*, 172 F.3d 588, 593 (8th Cir.1999) (considering whether a general unanimity instruction is sufficient to protect a defendant's sixth amendment right to a unanimous verdict); *United States v. Davis*, 154 F.3d 772, 783 (8th Cir.1998) (same). Requiring all jurors to sign the verdict form, this court believes, is another procedural guarantee that this right has not only been protected, but has been seen to be protected—that justice has not only been done, but has been seen to be done.

For these reasons—the government's objection is not supported by the plain language of Rule 31(d); the practice is not inconsistent with the procedure outlined in Rule 31(a) and (d), but is instead consistent with both the procedure and intent of the Rule; the practice is one whereby a criminal defendant's fundamental right to a unanimous verdict is not only protected, but is seen to be protected; and finally, because there is no showing of any prejudice to any party—the United States' objection to the inclusion of signature lines for all jurors on the verdict form in this criminal case was overruled.

**IT IS SO ORDERED.**