¶ 30. I am authorized to state that Judge Cook joins in this dissent.

2006 VT 64

**STATE of Vermont v. Elijah GREEN**

[904 A.2d 87]

No. 05-023

¶ 1. June 30, 2006. Defendant was convicted after a jury trial of two counts of selling heroin and one count of selling

cocaine. He appeals the convictions on the ground that the court's jury instructions allowed him to be convicted without assuring a unanimous verdict, in violation of his constitutional rights. We do not find plain error in the court's instructions and affirm.

¶ 2. Defendant was arrested and charged with two counts of selling heroin, in violation of 18 V.S.A. § 4233(b)(2), and one count of selling cocaine, in violation of 18 V.S.A. § 4231(b)(1). The charges were based on three drug sales the State alleged defendant made to an informant for the Vermont State Police. The informant originally told the police that the sales were made by defendant in a car driven by a third party. At trial, the informant testified, however, that defendant drove the car and that the drug sales were made by the third party.

¶ 3. Under Vermont law, a principal and an accomplice are equally culpable. *State v. Millette*, 173 Vt. 596, 597, 795 A.2d 1182, 1184 (2002) (mem.) ("[W]here several persons combine under a common understanding and with a common purpose to do an illegal act, every one is criminally responsible for the acts of each and all who participate with him in the execution of the unlawful design."); *State v. Orlandi*, 106 Vt. 165, 171, 170 A. 908, 910 (1934) (*unrelated dicta overruled on other grounds by State v. Bacon*, 163 Vt. 279, 658 A.2d 54 (1995)) ("All who knowingly and intentionally participate in the commission of a misdemeanor are principals and may be convicted thereof either separately or jointly."). At the trial, the court's opening remarks included instructions on accomplice liability. In its closing argument, the State argued that defendant sold the drugs to the informant, but that defendant was guilty as an accomplice even if he did not make the sale. In his closing, defense counsel maintained that defendant was not the seller and that defendant's presence in the vehicle during the sales was insufficient to convict him as an accomplice.

¶ 4. The trial court's jury charge on accomplice liability specified that mere presence, without prior agreement with the specific purpose to encourage or incite, was not sufficient to prove accomplice liability. The court specifically charged that an "accomplice is someone who joined together with another person or persons under a common plan with a common intent to commit an illegal act," and that "the State must have proven that Defendant acted with the same intent as of the principal actor" to be convicted as an accomplice. The court then read the heroin charges to the jury and described the essential elements of the counts, including that "the *Defendant or his accomplice* sold heroin in an amount consisting of 200 milligrams ... [and] that the *Defendant or his accomplice* sold the heroin voluntarily and consciously." The instructions on the cocaine offenses used the same language. Finally, towards the end of the charge, the court instructed the jury that:

> The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.

Neither party objected to the instructions.

¶ 5. During its deliberations, the jury sent out the following written question: "[D]o we have to specify if we find the Defendant guilty, do we need to say if he's an accomplice or a principal?" In conference, the court stated, "I don't think we do." The State concurred that

546

the jury did not have to specify. Defense counsel stated, "Interesting question," and briefly addressed the issue. Ultimately, the court concluded, "I think the answer is no. Okay." Again, neither party objected. The court then told the jury that, in response to its question, "The answer to that is no, you do not." Again, neither party objected. The jury returned guilty verdicts on all three counts.

¶ 6. Defendant argues on appeal that the trial court committed plain error by failing to instruct the jury that to properly convict it had to unanimously agree as to whether defendant was the principal or the accomplice in the charged offenses. Defendant argues that in the absence of such a charge, the jury was free to convict him without being unanimous on the nature of defendant's conduct, in violation of Chapter I, Article 10 of the Vermont Constitution. See Vt. Const. ch. I, art. 10 ("[W]ithout the unanimous consent of which jury, the person cannot be found guilty . . . ."). Alternatively, defendant posits that the jury was required to agree unanimously that a principal-accomplice relationship existed.

¶ 7. Because defendant failed to object to the jury instructions after they were given, we review his appeal for plain error only. State v. Malshuk, 2004 VT 54, ¶ 9, 177 Vt. 475, 857 A.2d 282 (mem.). We review jury instructions as a whole, assigning error "only when the entire charge undermines confidence in the verdict." State v. Carpenter, 170 Vt. 371, 374-75, 749 A.2d 1137, 1139 (2000). "Any claimed error in jury instructions must not only affect substantial rights, but also have an unfair prejudicial impact on the jury's deliberations." State v. Lambert, 2003 VT 28, ¶ 14, 175 Vt. 275, 830 A.2d 9 (quotations omitted). This Court will find plain error only in extraordinary cases. Id.

¶ 8. Viewing the instructions as a whole, we cannot find that the court's instructions here were plain error. First, the court included a general instruction on unanimity, clearly specifying the requirement that each juror agree with the verdict. See State v. Verge, 152 Vt. 93, 97-98, 564 A.2d 1353, 1355-56 (1989) (finding no plain error where court gave general instruction on requirement of juror unanimity, and defendant did not request special verdict); United States v. Peterson, 768 F.2d 64, 67 (2d Cir. 1985) (observing that general instruction on requirement of juror unanimity suffices to instruct jury that it must be unanimous on "specifications" it finds to form basis of guilty verdict, and concluding conviction based on verdict will stand if sufficient evidence exists with respect to each specification); accord United States v. Mangieri, 694 F.2d 1270, 1280 (D.C. Cir. 1982); see also United States v. Eagle Elk, 820 F.2d 959, 961 (8th Cir. 1987) ("The mere fact . . . that an instruction could conceivably permit a jury to reach a non-unanimous verdict is not sufficient to require reversal when the jury has been instructed that it must reach a unanimous verdict."). Here the instructions were clear as to the elements the jurors needed to unanimously find to reach a guilty verdict, and the evidence was sufficient for the jury to have so found with respect to all essential elements of the charges. Thus, the general instruction on unanimity was sufficient to safeguard defendant's constitutional rights.

¶ 9. Moreover, the court specifically charged the elements of accomplice liability, including that mere presence at the scene was insufficient to prove participation in a common plan — the issue on which defendant's theory rested. As we noted, supra, ¶ 3, a principal and an accomplice are equally culpable. Here, in rendering the guilty verdict, the jurors necessarily concluded unanimously that defendant had the requisite mental state to commit the offenses and participated in the crimes. The evidence at trial was

sufficient to find defendant guilty at least as an accomplice, and defendant makes no claim to the contrary. Thus, every juror found that defendant was at least an accomplice and therefore guilty of the charged crime. In this way, the unanimity requirement was met. See *Eagle Elk*, 820 F.2d at 961 (holding that because aider or abettor in offense is punishable as principal, "[e]ven if the jury was divided on whether [the defendant] committed the principal crime or aided or abetted in its commission . . . the jurors were in substantial agreement as to the nature of [the defendant's] guilty act" and defendant's constitutional rights were not violated); *Probst v. State*, 547 A.2d 114, 123 (Del. 1988) ("In a criminal charge involving one incident and two people, the jury is regarded as being unanimous if, without specifically identifying who was the principal and who was the accomplice, they all agree that one of the two actors performed all of the elements of the offense charged as a principal and that both actors knowingly participated in the alleged criminal act.").

¶ 10. This case is distinguishable from the decisions primarily relied upon by defendant, *State v. Couture*, 146 Vt. 268, 502 A.2d 846 (1985), and *State v. Goyette*, 166 Vt. 299, 691 A.2d 1064 (1997). In *Couture*, where the defendant was charged with a single kidnapping count for forcibly confining five people, the court instructed the jury that it could return a guilty verdict if it found the defendant had kidnapped any of the five alleged victims. This Court reversed, holding that the court's instructions allowed the jury to convict defendant under a variety of factual scenarios and the possibility existed that the jury was not unanimous as to an essential element of the case. *Couture*, 146 Vt. at 272, 502 A.2d at 849. In *Goyette*, 166 Vt. at 303-04, 691 A.2d at 1067, this Court reversed defendant's conviction for violating an abuse prevention order, holding that the

jury instructions on harassment did not ensure unanimity among the jurors on whether some or all of the six alleged acts occurred. In the present case, contrary to both *Couture* and *Goyette*, the jury clearly reached a unanimous verdict as to defendant's illegal conduct on each element of the offense. The court specifically instructed the jurors that they could not convict defendant on the basis of accomplice liability if they found he was merely present at the scene and that they had to find that defendant had the requisite mens rea as part of a common plan or scheme. Thus, in order to convict, every juror had to find that defendant was at least an accomplice and that he had the requisite mental state for the crime. See *State v. Barrett*, 132 Vt. 369, 375, 320 A.2d 621, 625 (1974) ("We must assume that the jurors followed the instructions given them by the trial court."). Unlike *Couture* and *Goyette*, the instructions did not create the potential that jurors could diverge on any essential element of the charged offenses.

¶ 11. Finally, we reject defendant's alternative argument that the jury was required to unanimously agree that a principal-accomplice relationship existed. The trial court properly instructed the jury on the essential elements of accomplice liability, including the necessity to find a "common plan with a common intent to commit an illegal act" and that defendant participated in that plan. The trial court specifically rejected a finding of accomplice liability based on mere presence. There was no plain error.

*Affirmed.*