*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-200

APRIL TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Zachary Grant | } | DOCKET NO. 1107-8-14 Rdcr |

Trial Judge: Thomas A. Zonay

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a conviction, based on a jury verdict, of domestic assault. He contends the trial court erred in: (1) permitting the complainant to testify that her initial statement to the police was in support of a relief-from-abuse request; and (2) instructing the jury that they must follow the law whether they agree with it or not. We affirm.

The facts may be summarized as follows. The complainant testified that, after an evening out with a friend, she returned to the apartment that she shared with defendant in the City of Rutland. While defendant was asleep, the complainant looked at his phone and discovered that he had been sending naked photographs of himself and explicit texts to another woman. She woke defendant to confront him, he became hostile, and she decided to leave. The complainant recounted that defendant grabbed her keys and cellphone and blocked the doorway, that she tried to get past him, and that he struck her across the face twice with the back of his hand, causing her to "see stars for a second." The complainant managed to retrieve her phone and call her father, escape from the apartment, and meet up with her parents.

The police, alerted by the complainant's father, arrived shortly thereafter. The investigating officers observed that the complainant had been crying and had distinct finger marks on her face. When questioned, defendant claimed that the complainant had attacked him. He testified at trial to the same effect, stating that the complainant was upset about the text messages and had assaulted him, and that he tried to get away, but never struck her.

The jury returned a verdict of guilty on the single charge of domestic assault. This appeal followed.

Defendant contends the trial court erred in permitting the prosecutor to elicit testimony from the complainant that her first written statement describing the assault was made in support of a relief-from-abuse order. The issue arose as follows. Shortly after the assault, the complainant filed a relief-from-abuse (RFA) request. About a week later, on August 16, 2014, complainant went to the police station with her father and provided a written statement describing the assault.

Prior to trial, the court granted defendant's motion in limine to exclude reference to the fact that complainant made her first statement in the context of an RFA request. Later, at trial, defense counsel cross-examined the complainant about certain information in her statement to the police that was not contained in the RFA application, even though it was closer in time to the assault, and also questioned her about her father's presence at the police station when she wrote the second statement. At the conclusion of the cross-examination, the prosecutor asked the court for permission to clarify on re-direct that the first statement was made for a different purpose from the second, to explain why it might contain less detail. The court agreed, observing that the cross-examination might have left a "misleading" or "unfair impression" that the two statements were for the same purpose, i.e., the criminal investigation. Accordingly, with the court's permission, the complainant testified on re-direct that the first statement was made in support of a request for a restraining order and that she provided only answers to certain questions on the application. The court expressly found that the probative value of this limited information was not substantially outweighed by any unfair prejudice.

We review the trial court's evidentiary rulings for abuse of discretion. State v. Gemler, 2004 VT 3, ¶ 11, 176 Vt. 257. The court's ruling here was sound. As we have explained, where a party's use of evidence may create an "incomplete or misleading picture," the so-called "open-door" doctrine permits the court to allow the use of "otherwise-inadmissible evidence to complete the picture with appropriate detail." State v. Groce, 2014 VT 122, ¶ 14, 198 Vt. 74 (quotation omitted). Here, the cross-examination created an impression that the complainant's statements were for an equivalent purpose, and implied that that the additional information in the second statement may have been fabricated or influenced by her father's presence. The complainant's limited follow-up testimony that the first statement was made in support of a request for a restraining order and was limited to providing answers to certain questions was permissible to correct this misimpression, and was not unduly prejudicial. Thus, we find no basis to disturb the ruling.

Defendant's next contention focuses on the prosecutor's statement in closing argument that the court "will instruct you on the law in this case and he will tell you what the law is, and that as jurors, your oaths bind you to accept that law whether you agree with it or not." Defendant asserts that it was error for the prosecutor to inform the jurors that they were bound to accept the law as instructed by the court whether they agreed with it or not. Because defendant failed to object to the statement, we review his claim for plain error only, which arises only in "extraordinary cases." State v. Green, 2006 VT 64, ¶ 7, 180 Vt. 544 (mem.). Any error in jury instructions "must not only affect substantial rights but also have an unfair prejudicial impact on the jury's deliberations." Id. (quotation omitted).

We find no error here, plain or otherwise. Defendant acknowledges the settled rule in Vermont and elsewhere that "juries do not have the power to decide questions of law," State v. Findlay, 171 Vt. 594, 598 (2000) (mem.), but maintains nevertheless that it was error for the prosecutor to affirmatively inform the jury that it may not ignore the law as instructed by the court. Although, as defendant notes, we have recognized that "jurors cannot be called to account for their verdict," id. (quoting State v. Burpee, 65 Vt. 1, 16 (1892)), this does not—as defendant claims—translate into a right to decide questions of law, nor does it render the prosecutor's statement here improper. On the contrary, we have explained that the purpose of the juror's oath to "well and truly try . . . the prisoner . . . according to the evidence . . . and the laws of the state," 12 V.S.A. § 5804, is precisely "to make it more likely than otherwise that juries will render verdicts which the law and evidence require in a particular case." State v. Graves, 119 Vt. 205, 216 (1956). Thus, we find no error in the prosecutor's admonition to the jurors that they were

2

bound to follow the law whether they agreed with it or not, nor in the trial court's subsequent instruction to the jurors—consistent with the prosecutor's remark—that they "must follow the law as stated in these instructions" and "not concern yourself with the wisdom of any rule of law or any opinion you might have about what the law should be." Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3