# State of Vermont v. Donald O. Calloway, Jr.

[596 A.2d 368]

No. 90-220

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed July 19, 1991

*Jane Woodruff*, Orleans County State's Attorney, Newport, and *Pamela Hall Johnson*, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Charles S. Martin* of *Martin & Paolini*, Barre, for Defendant-Appellant.

**Dooley, J.** Defendant appeals from two convictions of lewd and lascivious conduct, 13 V.S.A. § 2602, on grounds that the court improperly excused five prospective jury panel members and that an expert witness improperly testified that in his opinion child sexual abuse victims generally tell the truth. We affirm.

Defendant was charged with one count of sexual assault on his juvenile nephew and two counts of lewd and lascivious conduct with the same child. Before trial, the state's attorney moved for an individual voir dire of prospective jurors to be held in the judge's chambers to ask them "whether they [had] had any personal experience with exposure to sexual assault, either [as] a victim, [or as a] close relative of the victim." The motion concluded by requesting "a bifurcated voir dire, where less personal questions will be asked in open court and the individual voir dire [will] be directed specifically to sexual assault issues." Defendant agreed with the State's request, but he did not move jointly with the State and did not file a similar motion. The trial court denied the motion for an individual voir dire of prospective jurors, stating, "You are delving too far into personal lives . . . I don't think you have a right to ask people these questions as a prerequisite for serving on a jury panel." Defendant objected, stating that he was "being deprived of the ability to properly make inquiries of the jurors."

The court then started by describing the nature of the case to the initial twelve prospective jurors. The court invited any of the prospective jurors to seek to be excused if "you . . . have

such strong views on the issue that you may doubt your capabilities to be fair and impartial" or "it's the type of evidence that will trigger some emotional response in you that will cloud your judgment." Five of the twelve then requested to be excused and the court excused them. There was no objection to the court's action. The parties then proceeded to a lengthy voir dire.

Defendant raises a number of unfocused objections to the voir dire procedure and the action of the court in excusing the jurors. We find that his position is best stated in his motion for a new trial: "Defendant contends that the summary elimination of jurors from the pool by the court deprived him of possible competent jurors." Defendant has two arguments in support of his objection: (a) the procedure used by the court violated V.R.Cr.P. 24(a) because the court took over the jury voir dire; and (b) the rule does not authorize the court to excuse jurors without a request from the parties.[1]

Defendant's objection at trial was solely to the ruling on the individual voir dire and not to the action of the court in excusing the potential jurors. Defendant has failed to preserve the issue he now raises for appellate review by making an objection to the allegedly erroneous action. See *State v. Roberge*, 155 Vt. 121, 124, 582 A.2d 142, 144 (1990). Thus, we will reverse only on a finding of plain error.

Our review of defendant's arguments indicates there was no error at all. As defendant argues, voir dire examination in criminal cases is conducted by the "parties or their attorneys." V.R.Cr.P. 24(a). However, the court "may ask additional questions to supplement the inquiry." *Id.* Both the State and the defendant conducted an extensive voir dire in this case. Al-

[1] Defendant's argument refers to the denial of individual voir dire in the judge's chamber, but the appeal is not based directly on this ruling. Thus, defendant is concerned solely with the five jurors who were excused and not with the rest of the panel and has not appealed the court's ruling that prohibited him from asking potential jurors whether they had been victims of sexual abuse or had relatives who were victims. He has also not appealed denial of the request to question potential jurors individually in the judge's chamber. As to the five excused jurors, the issue is irrelevant because they did not serve on defendant's jury.

though the questions that led the court to excuse the five potential jurors preceded the parties' voir dire, they were clearly supplemental. We find nothing in the rule that requires the court's questions to follow those of the parties. There was no violation of Rule 24(a).

 We are also unpersuaded by defendant's second argument. Essentially, he argues that he had a right to the twelve persons first drawn for the jury, absent challenges by him or the State, and that the court had no power to excuse any of these potential jurors. We conclude, however, that the court has the power on its own to excuse persons drawn pursuant to V.R.Cr.P. 24(a), and it is an area of trial court discretion aimed at giving both sides a fair trial.[2] See, e.g., *United States v. Rodriguez*, 459 F.2d 983, 984 (9th Cir. 1972) ("trial judge has broad discretion in excusing veniremen whom he has reason to believe may not be able to give both sides a fair trial"). The court acted well within its discretion here. It excused only those persons who indicated they could not be fair and impartial.

██ ██ There is a second reason why defendant's attack on the court's actions must fail. Defendant's right to challenge potential jurors "is a right of rejection, not one of selection of a juror." *Lattrell v. Swain*, 127 Vt. 33, 36, 239 A.2d 195, 198 (1968). Thus, defendant does not have a right to any specific juror; his right is to a fair and impartial jury. See *Commonwealth v. Fisher*, 447 Pa. 405, 410, 290 A.2d 262, 265 (1972); see also *State v. Pelican*, 154 Vt. 496, 510, 580 A.2d 942, 950–51 (1990) (Vermont Constitution requires impartial, but not representative, jury); cf. *State v. Villeneuve*, 155 Vt. 360, 363, 584 A.2d 1123, 1125 (1990) (once jury is impanelled, defendant has a right to have the trial completed by a particular tribunal). Absent some showing of prejudice, we would not reverse a crimi-

---

[2] The trial court's discretion is not bound by whether a party would be entitled to challenge the prospective jurors for cause. In this case, the jurors' responses to the court's questions indicate that it would have been within the discretion of the court to dismiss these prospective jurors for cause. See *State v. Percy*, 156 Vt. 468, 478, 595 A.2d 248, 253–54 (1990) (ruling on challenge for cause discretionary); *State v. McQuesten*, 151 Vt. 267, 269–70, 559 A.2d 685, 686 (1989) (jurors must be dismissed for cause where they "acknowledged their possible prejudice").

nal conviction merely because potential jurors were improperly excused. See *United States v. Joseph*, 892 F.2d 118, 124 (D.C. Cir. 1989) (improper exclusion of juror "does not suggest any lack of impartiality on the part of those jurors in fact serving").

There is no showing of prejudice here. Defendant used only one of his six peremptory challenges, stating he was content with the jurors who were impanelled. See V.R.Cr.P. 24(c)(3) (each party has six peremptory challenges). Although he did not have all the jurors he now says he wanted, there is no cause to find that he received a jury that was other than fair and impartial.

Defendant next contends that the State's expert witness was improperly allowed to testify as to the complaining witness' credibility. The testimony came during defendant's cross-examination of the expert witness, when counsel was inquiring about the psychological responses of children who make false accusations of sexual abuse. The witness was indicating an inability to answer the questions, and counsel asked, "Is it safe to say you don't know because you haven't had experience with that situation?" The witness answered:

> Children who make accusations of sexual abuse are generally telling the truth. The children who do not, in the literature, where in situations where they are found to be not telling the truth, are doing it for certain reasons. And they usually are fairly quickly found out to be not telling the truth, and the story comes out in the wash over a period of a fairly short period of time.

Counsel for defendant immediately objected and complained that the answer invaded the province of the jury in violation of our proscription in *State v. Catsam*, 148 Vt. 366, 370–71, 534 A.2d 184, 187–88 (1987).

This is also a plain error argument. While defendant asserts here that he requested a mistrial, the record indicates only that he objected to the admissibility of the answer and requested a curative instruction. Thus, we can reverse only if we find plain error in the court's failure to sua sponte declare a mistrial.

In fact, the trial court gave defendant exactly what he asked for. Although the court's immediate response was that counsel

had solicited the response, stating, "You moved into the area and the witness [gave] a fairly predictable response," the court instructed the jury about the response as follows: "I am going to ask the jury to disregard the last response. She didn't answer the question that was asked. It really isn't of any help to you. Just disregard that and don't use that at all." In addition, the court provided a curative instruction that it was not the expert's function to comment on the credibility of witnesses. Defendant did not object to the court's immediate instruction to disregard the expert's statement and did not object to the curative instruction.

We have no ground to conclude that the evidentiary rulings and curative instructions were insufficient to avoid the need for a mistrial. See *State v. Abbott*, 151 Vt. 618, 619–20, 563 A.2d 640, 641–42 (1989). As the trial court found, the witness' statement was induced by defendant's cross-examination. There is no error, and certainly no plain error.

*Affirmed.*