STATE of Vermont v. Donald
BARTLETT

[683 A.2d 9]

No. 95-331

July 3, 1996. Defendant was convicted by a jury of driving under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). At issue in this appeal is a jury instruction based on 23 V.S.A. § 1204(a)(3). Defendant objected unsuc-cessfully to the instruction and, after the verdict, moved for a new trial on the same ground. The court denied the motion. We affirm.

The fact witnesses at trial, specifically the arresting officer, defendant, and defendant's friend, told different stories of the events leading up to defendant's arrest. Some undisputed facts did emerge, however. Around 6:00 a.m. on October 2, 1994, the officer found defendant's abandoned vehicle, which had gone off the road, over an embankment, and overturned. The vehicle was traced to defendant, and shortly afterwards, the officer visited defendant at his home. Defendant, who at the time was visibly intoxicated, admitted that he had been driving the vehicle when the accident occurred around 3:00 a.m. that morning. When questioned about drinking, defendant told the officer that he had consumed four beers between 9:00 and midnight the previous night, and that he had had nothing to drink following the accident.

The officer took defendant to a local hospital, where he could be treated for a possible neck injury. While at the hospital, the officer took a breath sample from defendant. The test was administered at 7:48 a.m., almost five hours after the estimated time of operation. At trial, the State's expert witness testified that defendant's blood-alcohol concentration (BAC) was 0.187 at the time the test was taken. The expert further testified that if defendant had stopped drinking at midnight, and consumed no alcohol following the accident, his BAC at 3:00 a.m. would have been 0.259.

Defendant took the stand at trial, and although he confirmed the statements he had made to the officer, he testified that in fact he had been drinking following the accident. Defendant's friend testified that he saw defendant consume a substantial amount of alcohol following the accident, between nine and twelve ounces of vodka along with one or two beers. On cross-

examination, the State's expert admitted that defendant's BAC at 7:48 a.m. could have been explained by this amount of post-accident drinking.

The court's charge to the jury included the following statement:

> You may, but are not required to, infer that defendant was under the influence of intoxicating liquor if you find there was an alcohol concentration in defendant's breath of .10 percent or more — at any time within two hours of his operating a motor vehicle on a highway.

This instruction is based on 23 V.S.A. § 1204(a)(3), which provides:

> If the person's alcohol concentration at any time within two hours of the alleged offense was 0.10 or more it shall be a permissive inference that the person was under the influence of intoxicating liquor in violation of section 1201(a)(2) or (3) of this title.

Defendant argues that the State is not entitled to § 1204(a)(3)'s permissive inference in this case because the breath test was not administered within two hours of operation. We do not reach this argument, however, because we conclude that the error, if any, was harmless.

There was no need in this case to charge the inference permitted by § 1204(a)(3). The State presented evidence relating defendant's test result back to the time of operation. The only evidence of the time of operation was the officer's unrebutted statement that defendant told him the estimated time of the accident was 3:00 a.m. On the basis of defendant's test result and his statement to the officer that he had nothing to drink after midnight, the State's expert testified that defendant's BAC at 3:00 a.m. was 0.259, well above the 0.08 limit established by 23 V.S.A. § 1201(a)(1). If the

jury believed the expert's testimony, the § 1204(a)(3) inference was unnecessary. If the jury did not believe the expert's testimony, the inference was irrelevant.

Defendant nonetheless maintains that the jury might have voted to convict him based on the instruction even though they believed the friend's story about post-accident drinking. We could accept this argument only if we believed that the jury suspended common sense when it entered the jury room. The primary job of the jury in this case was to decide whether to believe defendant's earlier statement to the officer, or to believe the story he and his friend told in court. We think it entirely unlikely, as did the trial court, that the jury would have believed defendant's story but "unanimously [voted] to convict defendant regardless of finding him not guilty."

*Affirmed.*