## State of Vermont v. Charles E. Carpenter

[749 A.2d 1137]

No. 99-105

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed March 10, 2000

*Paul Finnerty*, Washington County Deputy State's Attorney, Barre, for Plaintiff-Appellee.

*Robert Appel*, Defender General, and *William A. Nelson*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Amestoy, C.J.** Defendant appeals his conviction by a Washington District Court jury of driving under the influence of intoxicating liquor (DUI), arguing that the court committed plain error in charging a permissive inference of intoxication based on a blood-alcohol test taken more than two hours after estimated operation and where the evidence showed that defendant consumed alcohol after operation. Defendant also argues that the court erred by permitting the jury to find defendant guilty of a third or subsequent DUI offense on the basis of a conviction more than fifteen years old. We affirm.

## I. Facts

Evidence presented at trial established that at some unknown time on the evening of July 20, 1998, defendant Charles Carpenter drove his car into a ditch. At 9:52 p.m., defendant arrived at the home of Doreen Gilmore, about ¼ mile down the road from the accident scene, seeking assistance pulling his car out of the ditch. Ms. Gilmore testified that defendant was drinking from a bottle of beer and appeared intoxicated. He told her that he had just driven off the road and that it took him ten to fifteen minutes to walk to her house. Ms. Gilmore declined his request for help and directed him to her neighbors' home. She then called the state police to report the incident and her neighbor Marion Hebert to warn her that defendant was on his way over. After these calls, Ms. Gilmore walked to where the car was stuck and noted that its engine was still running.

Defendant went next door to the Hebert home, still carrying a bottle of beer, and again requested assistance. He told Ms. Hebert

that the accident had happened just a little while before, and that he'd gone to her neighbor's house first. Ms. Hebert testified that she could tell defendant had been drinking, but that he was not staggering drunk. Ms. Hebert's husband called defendant's uncle, who had a chain, and evidently he and defendant returned to the car to pull it out of the ditch.

State Police Trooper Robert Snetsinger arrived at the accident scene at approximately 10:12 p.m. Trooper Snetsinger identified defendant as the owner and operator of the vehicle. Defendant told the trooper that he had consumed "a couple, three beers," that he was traveling from Cabot to Barre, had pulled over to urinate, and gotten stuck when he attempted to return the car to the road. Defendant told Trooper Snetsinger that his last drink was thirty minutes ago (approximately 9:45 p.m.), that the accident had occurred two-and-a-half hours ago (approximately 7:45 p.m.), and that defendant had done all his drinking after the accident had occurred. At another point in their conversation, defendant stated that he had gone off the road at 8:30 p.m. When the trooper asked defendant where he had been drinking and with whom, defendant pointed in a southerly direction and replied "over there," and that he had drank with a woman named Jenny Bressett and an Angie, whose last name he did not know.

After failing a series of field dexterity tests, defendant was placed under arrest and taken to the state police barracks. There, at 12:19 a.m., defendant consented to a breath test that indicated a blood alcohol content (BAC) of .177%.

Defendant was charged with 23 V.S.A. § 1201(a)(1) ("A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway . . . when the person's alcohol concentration is 0.08 or more) and § 1201(a)(2) ("A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway . . . when the person is under the influence of intoxicating liquor."). The State also charged defendant as a recidivist under 23 V.S.A. § 1210(d) ("A person convicted of violating section 1201 of this title who has twice been convicted of violation of that section shall be fined not more than $2,500.00 or imprisoned not more than five years, or both.").

At trial, defendant argued that he was not under the influence when he was operating his car, emphasizing the undisputed evidence that defendant was drinking after operation and that the State had no direct evidence of consumption before operation. The State called Ms. Gilmore and Ms. Hebert, each of whom essentially testified that

defendant told them that he had run off the road just before appearing at their respective homes. Trooper Snetsinger also testified about his conversation with defendant, highlighting defendant's conflicting statements as to the time of the accident and the sobriety tests he performed upon defendant. Finally, the State presented its chemist, whose testimony supported the State's contention that defendant's BAC was over .08 at the time of operation. The chemist testified that a person of defendant's size would not be able to obtain a BAC of .177% two and a half hours after his last drink by consuming three or four beers. The chemist testified that a person of defendant's size who started drinking at 8:30 p.m. and had his last drink at 9:45 p.m. would have had to consume seven and one-quarter standard drinks to produce a test result similar to defendant's.

The court's jury charge included a permissive inference instruction, pursuant to 23 V.S.A. § 1204(a)(3): "[I]f you find that at any time within two hours of the time Mr. Carpenter allegedly operated a motor vehicle on a highway Mr. Carpenter's alcohol concentration was .10 or more, you may infer that he was under the influence of intoxicating liquor at the time of operation." The jury acquitted defendant of the § 1201(a)(1) (operation over .08 BAC) charge, but found him guilty of the § 1201(a)(2) (operation under the influence of intoxicating liquor) charge. In a bifurcated enhancement hearing, the jury found defendant guilty of the recidivist charge under § 1210(d).

On appeal, defendant argues the court committed plain error in charging the two-hour inference of the DUI law (a) in a case where the breath test was not taken within two hours of operation, and (b) where the evidence showed that defendant consumed alcohol after operation. Defendant also contends that the court erred at the recidivist stage of the trial by permitting the jury to find defendant guilty of a third or subsequent DUI offense on the basis of a conviction that was more than fifteen years old.

## II. Discussion
### A. Permissive Inference

Defendant did not object to the court's permissive inference instruction at trial. Thus, his claims "were not properly preserved following the charge and are only reviewable under a plain error standard." *State v. Brooks*, 163 Vt. 245, 250, 658 A.2d 22, 26 (1995). Jury instructions should be viewed in their entirety and must be well balanced and fair. See *State v. Chambers*, 144 Vt. 377, 382, 477 A.2d 974, 978 (1984). Error will be assigned only when the entire charge

undermines confidence in the verdict, and only in extraordinary cases will we find plain error. See *State v. Johnson*, 158 Vt. 508, 513-14, 615 A.2d 132, 135 (1992). Plain error exists "only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." *State v. Pelican*, 160 Vt. 536, 538, 632 A.2d 24, 26 (1993). The error must not only affect substantial rights, but also have an unfair prejudicial impact on the jury's deliberations. See *id.* at 539, 632 A.2d at 26.

Defendant acknowledges his burden to demonstrate plain error, but contends that he was denied his "constitutional right to a jury determination of [a] simple factual dispute" because of the trial court's permissive inference instruction. We disagree because we conclude that there was ample evidence to support the jury's verdict that defendant was guilty of operating a vehicle while he was under the influence of intoxicating liquor, without relying on the permissive inference instruction.

If it is axiomatic that "facts are troublesome things," lack of facts can be equally troublesome. In this case, defendant did not put on any evidence. Evidence of post-operation drinking was placed before the jury by the investigating officer who testified that defendant told him that he had "a couple, three beers" after driving into the ditch. Evidence of the time of operation also was presented through the State's witnesses. From defendant's perspective, the best — and indeed, only — evidence of "early" operation was Trooper Snetsinger's testimony that when the officer arrived at the scene of the accident at 10:12 p.m., defendant gave conflicting statements as to when he ran off the road: either "two-and-a-half-hours ago" (approximately 7:45 p.m.) or "8:30 p.m." Of course, the jury also had before it the evidence of two disinterested witnesses who testified to their belief that defendant had driven into the ditch shortly before his arrival at Ms. Gilmore's house at 9:52 p.m. Defendant's assertion that the jury lacked evidence on the time of defendant's operation minimizes these statements, as well as Ms. Gilmore's additional testimony that defendant's vehicle was still running when she went to view where defendant had gone off the road.

Thus, as to the charge of whether defendant operated a vehicle under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2), the jury did indeed have before it "a simple factual dispute." If the jury believed the State's witnesses, the permissive

inference instruction was irrelevant.* There was ample evidence to support the State's theory that defendant was under the influence of intoxicating liquor at the time of operation. The jury did not need to rely on the permissive inference instruction to reach its verdict because there was credible evidence to support a conclusion that defendant's visibly intoxicated state was very close in time to his operation of the vehicle. We are not prepared to find plain error without some demonstration, not made here, that the asserted error was the cause of defendant's conviction. If the instruction was error — a conclusion not reached here — that error did not rise to the level of plain error because it was not demonstrated to have "'an unfair prejudicial impact on the jury's deliberations.'" *Pelican*, 160 Vt. at 539, 632 A.2d at 26 (quoting *United States v. Young*, 470 U.S. 1, 16 n.14 (1985)).

## B. Forgiveness Period

Defendant also argues that the court erred in admitting his 1981 conviction under the recidivism charge because it fell outside 23 V.S.A. § 1210(d)'s amended "forgiveness period." To support its enhanced charge, the State alleged three prior convictions, dated August 18, 1981, October 21, 1985, and November 13, 1990. Defendant moved to strike the 1981 conviction on the ground that it was more than fifteen years old.

Before 1991, the statute's enhanced penalties applied to a person convicted of violating § 1201 twice within the preceding fifteen years. A 1991 amendment deleted this forgiveness period for future cases, but specifically continued its application for convictions rendered before the amendment:

> With respect to section 1210 of Title 23, the 15-year forgiveness period used to determine third convictions shall be considered a right which has accrued to the operator if the prior convictions occurred at any time prior to July 1, 1991.

1991, No. 55, § 19(5). Defendant argued that this savings clause prohibited the State's use of his 1981 conviction for purposes of the

---

*We do not reach defendant's claim that the State was not entitled to the § 1204(a)(3) permissive inference instruction because the breath test was not administered within two hours of operation. The error, if any, was harmless. See *State v. Bartlett*, 165 Vt. 590, 591, 683 A.2d 9, 10 (1996) (mem.) (no error where no need to charge inference permitted by § 1204(a)(3)).

recidivism charge. The State countered that the savings clause conferred no benefits on defendant because he had been convicted three times before the date of the amendment. The court agreed with the State, and all three prior convictions were admitted into evidence and submitted to the jury, which returned a guilty verdict on the enhanced recidivist charge.

We decline to reach this issue because § 1210(d) requires only two prior convictions for the enhanced penalties to apply. Defendant's 1985 and 1990 convictions are admissible, being less than fifteen years old. Any confusion as to which convictions the jury weighed in its deliberations was harmless. See V.R.Cr.P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). "'[I]t is clear beyond a reasonable doubt that the jury would have returned a guilty verdict regardless of the error'" if the court admitted only the 1985 and 1990 convictions. See *State v. Fuller*, 168 Vt. 396, 408, 721 A.2d 475, 484 (1998) (quoting *State v. Hamlin*, 146 Vt. 97, 106, 499 A.2d 45, 52 (1985) (citations omitted)). Thus, it is unnecessary to decide whether the court should have excluded defendant's 1981 conviction.

*Affirmed.*