2003 VT 28

## State of Vermont v. Felicia Lambert

[830 A.2d 9]

No. 01-390

Present: **Amestoy, C.J., Dooley, Morse,**[1] **Johnson and Skoglund, JJ.**

Opinion Filed March 28, 2003
Motion for Reargument Denied April 30, 2003

---

[1] Justice Morse sat for oral argument but did not participate in this decision.

276

*William H. Sorrell*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Bradley S. Stetler* of *Stetler, Allen & Kampmann*, Burlington, for Defendant-Appellant.

¶ 1. **Dooley, J.** Defendant Felicia Lambert appeals from a judgment of conviction, based on a jury verdict, of domestic assault and cruelty to a child under the age of ten. She contends the trial court erroneously: (1) denied her right to a fair and impartial jury by improperly dismissing one of the jurors after impanelment; (2) failed to instruct the jury on all of the elements of the crime of cruelty to a child; and (3) imposed a sentence with no minimum term. We affirm the judgment of conviction, reverse the sentence for cruelty to a child, and remand for resentencing.

¶ 2. Defendant was charged with one count of aggravated domestic assault, in violation of 13 V.S.A. § 1043, and one count of cruelty to a child under ten years of age, in violation of 13 V.S.A. § 1304. The charges

stemmed from an incident involving her son. Additional facts will be stated where pertinent to the claims on appeal.

¶ 3.  Jury selection was held, and fourteen jurors were selected, two to serve as alternates. On the first day of the trial, before the jury was sworn, one juror was excused at her own request and without objection because her daughter had been involved in a serious accident. The State then requested that an additional juror be struck because of facts that had been brought to the prosecutor's attention following jury selection. Specifically, a local reporter had told the prosecutor that this particular juror was an officer of a church that ran a day care center. The reporter stated that the church's day care provider had recently been accused of pinching some of the children in her care, that the juror had attended the day care provider's sentencing hearing on another charge of child abuse with respect to a foster child in her care, and that the juror had expressed surprise to the reporter that what the day care provider had done was considered a crime.

¶ 4.  The trial judge called the juror into the courtroom and questioned him about the allegations. The juror acknowledged attending the sentencing hearing, but denied knowing the defendant in the case. He explained that he had attended only out of curiosity because he had been called for jury duty in a child abuse case. He acknowledged that he had talked with the reporter, but recalled that he had expressed surprise only that the media was interested in the case. When asked whether he understood that child abuse is a crime, he responded, "Oh, absolutely." When asked whether he "support[ed]" child abuse being a crime, the juror appeared to construe the question as pertaining to a particular case, responding that his opinion would depend on the evidence. When asked whether he supported the sentencing in the case that he had observed, he responded that he could not answer because he knew nothing about the case. Defense counsel declined the court's offer to question the juror, but opposed the State's request that he be excused.

¶ 5.  The court dismissed the juror, explaining that the decision was based on a concern the juror had "formed some opinions" and had not previously disclosed his attendance at the sentencing hearing, which would have afforded the State the opportunity to seek dismissal for cause, or to exercise a peremptory challenge. No additional jurors were selected, so the trial proceeded through to verdict with the twelve remaining jurors.

¶ 6.  At the close of evidence, the trial court instructed the jury on the charged crimes, including instructions on accomplice liability, attempt, and any lesser included offenses. The court also provided the jury with a written copy of the instructions for reference during deliberations.

Defendant made no objection following the instructions. The jury found defendant guilty of domestic assault and cruelty to a child. Following a contested sentencing hearing, the court sentenced defendant to serve twenty-four months on the charge of cruelty to a child, and one to twelve months on the charge of domestic assault, to be served consecutively. This appeal followed.

¶ 7. Defendant first contends the trial court committed reversible error by allowing the State to challenge a juror after the jury had been impaneled and granting the challenge on inadequate grounds, thereby depriving her of the right to a fair and impartial jury by the particular tribunal she had selected. See *State v. Villeneuve*, 155 Vt. 360, 363, 584 A.2d 1123, 1125 (1990) (recognizing defendant's "valued right to have his trial completed by a particular tribunal" once jeopardy attaches) (internal quotation marks and citations omitted). The State responds that dismissal of the juror was in, effect, a peremptory challenge by the State, which it argues may be exercised at any time prior to the jury being sworn.

¶ 8. We need not reach the merits of defendant's argument. We will not reverse a criminal conviction for an error we find to be harmless. See V.R.Cr.P. 52(a); *State v. Kinney*, 171 Vt. 239, 244, 762 A.2d 833, 838 (2000). In this case, defendant suffered no prejudice from the dismissal of the juror.

¶ 9. The court acted under its power to replace jurors who "become or are found to be unable or disqualified to perform their duties." V.R.Cr.P. 24(d); see also *Villeneuve*, 155 Vt. at 363, 584 A.2d at 1125 (court may remove a juror in the course of trial in "proper circumstances"); *State v. Calloway*, 157 Vt. 217, 220, 596 A.2d 368, 371 (1991) (concluding that "the court has the power on its own to excuse persons drawn . . . , and it is an area of trial court discretion aimed at giving both sides a fair trial"). There is no question that having been alerted to questions about the juror's impartiality, the court was authorized to explore and determine the juror's competence to serve on the jury.

¶ 10. Thus, the only possible error is that the court acted without adequate grounds. We do not believe this error, if any, would be sufficient for us to reverse the conviction. As we explained in *Calloway*:

> defendant does not have a right to any specific juror; his right is to a fair and impartial jury. Absent some showing of prejudice, we would not reverse a criminal conviction merely because potential jurors were improperly excused.

157 Vt. at 220-21, 596 A.2d at 371 (internal citations omitted). That defendant here suffered no prejudice from the juror's dismissal — even if erroneous — is readily apparent. Defendant had ample opportunity to voir dire the alternate who replaced the dismissed juror, and plainly determined that the alternate was acceptable. See V.R.Cr.P. 24(d) (alternate jurors "shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges . . . as the regular jurors"). Absent any claim or showing of impartiality on the part of the alternate, there is no basis to find that defendant was deprived of a fair and impartial jury. See *United States v. Agramonte*, 980 F.2d 847, 850 (2d Cir. 1992) (although court dismissed juror during trial and appointed alternate without holding requisite inquiry, reversible error cannot be found absent assertion that "the alternate juror who completed the trial was not impartial"); *Strickland v. State*, 46 S.W.3d 554, 557 (Ark. Ct. App. 2001) (appellant's failure to allege or demonstrate bias on part of alternate who replaced juror removed by trial court after jury was impaneled and sworn precluded reversal of judgment); *Dailey v. State*, 828 So. 2d 340, 343-44 (Ala. 2001) (trial court's error in granting state's challenge for cause is harmless where the jury that heard the case was impartial); *Wagner v. State*, 560 S.E.2d 754, 760 (Ga. Ct. App. 2002) (assuming that trial court wrongfully dismissed prospective juror, "the error affords no ground for appeal if, in the end, [the defendant's] case was heard by a competent and unbiased jury") (internal citation omitted); *State v. Santana*, 14 P.3d 378, 384 (Idaho Ct. App. 2000) (although trial court erred in dismissing juror after jury was empaneled and appointing alternate, error was harmless absent claim and showing that jury which heard case was biased). Defendant here has made no such claim or showing.

¶ 11. We emphasize that this was not a case in which an error with respect to the grant or denial of a challenge for cause led to a discrepancy in the availability of peremptory challenges. See *State v. Doleszny*, 146 Vt. 621, 623, 508 A.2d 693, 694 (1986) (reversible error if court improperly denies defense challenge for cause and defense uses a peremptory challenge to remove this juror, thereafter uses up all peremptory challenges, and then seeks unsuccessfully to challenge another juror); see also *State v. McQuesten*, 151 Vt. 267, 269-70, 559 A.2d 685, 686 (1989) (same). We have held that this kind of error cannot be considered harmless. See *State v. Santelli*, 159 Vt. 442, 445-47, 621 A.2d 222, 224-25 (1992). In this case, the prosecution had not used up its peremptory challenges and did not gain a new juror who the defense could not challenge. Thus, we distinguish this case from *People v. Lefebre*, 5 P.3d

295 (Colo. 2000), in which the court's erroneous decision to remove a juror for cause "in effect granted the prosecution an additional peremptory challenge," *id.* at 303, and was found "inherently prejudicial because it allowed the prosecution an unfair tactical advantage in shaping a jury biased in its favor." *Id.* at 308. Any error here did not result in a tactical advantage for the State. Accordingly, any error in dismissing the juror was harmless and does not require reversal of the judgment.

¶ 12.   Defendant next contends the court erroneously failed to instruct the jury on two separate elements of the crime of cruelty to a child, specifically the requirements that defendant have custody of her son at the time of the alleged acts, and that defendant actually assault her son as charged.[2] Defendant acknowledges that she failed to object to the instructions as given, see V.R.Cr.P. 30 (party must object to charge before jury retires to deliberate in order to assign error on appeal with respect to the charge), but argues that she is entitled to reversal without regard to prejudice because the omission amounted to a directed verdict for the State on those two elements in violation of her constitutional right to trial by jury under Article 10 of the Vermont Constitution. She argues that under *State v. West*, 164 Vt. 192, 199-202, 667 A.2d 540, 544-48 (1995), and *State v. Coita*, 153 Vt. 18, 21, 568 A.2d 424, 426 (1989), an Article 10 error must result in a reversal of her conviction without a showing of prejudice and without preservation. See *State v. Loveland*, 165 Vt. 418, 420, 684 A.2d 272, 274 (1996) (*West* allows challenge on appeal to invalid jury trial waiver without preservation). In *Loveland*, however, we declined to adopt defendant's position that stipulation to an element of an offense should be treated as a waiver of a jury trial with respect to that element. *Id.* at 421, 684 A.2d at 275.

¶ 13.   In the absence of preservation, we normally review on appeal only for plain error. In essence, defendant seeks a ruling that omitting an element of an offense in charging the jury is plain error per se. As we noted in *State v. Koveos*, 169 Vt. 62, 66, 732 A.2d 722, 725 (1999), our recent decisions "reflect a strong policy against finding categories of errors as plain per se, such that preservation is not required for appellate intervention." Thus, although earlier decisions suggest that instructing

---

[2] The statute provides:

> A person over the age of sixteen years, having the custody, charge or care of a child under ten years of age, who wilfully assaults, ill treats, neglects or abandons or exposes such child . . . in a manner to cause such child unnecessary suffering, or to endanger his health, shall be imprisoned not more than two years or fined not more than $500.00, or both.

13 V.S.A. § 1304.

the jury that an element of the offense has been conceded is plain error per se, see *State v. Noyes,* 147 Vt. 426, 428, 519 A.2d 1152, 1153 (1986); *State v. Boise,* 146 Vt. 46, 48, 498 A.2d 495, 496 (1985), we have specifically rejected applying plain error per se to omission of elements of the offense from the charge to the jury. See *State v. Dion,* 154 Vt. 420, 424, 578 A.2d 101, 103 (1990) (failure to object to jury instruction results in review for plain error, "even where the charge omits an essential element of the offense"); *State v. Roy,* 151 Vt. 17, 23, 557 A.2d 884, 888 (1989) (same). Thus, we analyze defendant's claim only for plain error.

¶ 14. We review jury instructions in their entirety, assigning error only when "the entire charge undermines confidence in the verdict." *State v. Carpenter,* 170 Vt. 371, 374-75, 749 A.2d 1137, 1139 (2000). When reviewing for plain error, we look at the instructions in light of the record evidence as a whole. *State v. Tahair,* 172 Vt. 101, 111, 772 A.2d 1079, 1087 (2001). Plain error is that which, unrecognized by this Court, would result in a miscarriage of justice. *Carpenter,* 170 Vt. at 375, 749 A.2d at 1139-40. Any claimed error in jury instructions "must not only affect substantial rights, but also have an unfair prejudicial impact on the jury's deliberations." *Id.*; see also *State v. Pelican,* 160 Vt. 536, 539, 632 A.2d 24, 26 (1993) ("Prejudice must exist to demonstrate that error undermined fairness and contributed to a miscarriage of justice."). "Error will be assigned only when the entire charge undermines our confidence in the verdict, and only in extraordinary cases will we find plain error." *State v. Brooks,* 163 Vt. 245, 250, 658 A.2d 22, 26 (1995).

¶ 15. With respect to the requirement that defendant have "custody, charge or care" of her son, 13 V.S.A. § 1304, we cannot say that the omission of this element from both the written and oral instructions constituted plain error because this element was not seriously at issue. Defendant did not contest that her son was in her care and custody at the time of the charged events, and, although defendant's husband testified to a prior occasion on which he and defendant were charged with unlawfully removing the son from his grandparents' custody, he also testified that they subsequently went to court and obtained lawful custody of the boy. Thus, the omission does not rise to the level of plain error in this case. See *State v. McGee,* 163 Vt. 162, 166, 655 A.2d 729, 732-33 (1995) (omission of element of intent to commit a robbery in felony-murder charge not plain error where it "was never a contested issue and presented neither a close nor difficult question for the jury"); *State v. Percy,* 158 Vt. 410, 418, 612 A.2d 1119, 1125 (1992) (no plain error flowing from erroneous instruction

on element of crime where defendant did not contest committing the underlying acts, but merely contested his sanity).

¶ 16. Defendant also argues that the trial court failed to properly separate out the element of assault in its oral instruction saying only that defendant had to act wilfully with the purpose of assaulting her son. Again, we find no plain error on this record. The written instructions provided to the jury for use during their deliberations did appropriately separate the elements of intent and assault. Additionally, both the oral and written instructions given at the close of evidence informed the jury that defendant was specifically charged with "assault[ing] the child under 10 years of age by kicking him." The information with this language was also read to the jury at the beginning of trial. Cf. *State v. Forant*, 168 Vt. 217, 220, 719 A.2d 399, 401 (1998) (no plain error where court made three accurate references to the State's burden of proof and one inaccurate statement of the State's burden). Lastly, the State in both its closing argument and its rebuttal argument stated that it was charging defendant with wilfully assaulting her son: "Let's be perfectly clear here. . . . The State is alleging that [defendant] wilfully assaulted this child." We do not believe that the omission of the independent assault element from the oral instructions resulted in a miscarriage of justice.

¶ 17. Finally, defendant contends the trial court's failure to establish a separate minimum sentence on the charge of cruelty to a child violates 13 V.S.A. § 7031,[3] relying on our line of cases holding that a trial court cannot impose minimum and maximum sentences of identical length. See *State v. Bruley*, 129 Vt. 124, 130, 274 A.2d 467, 471 (1970); *In re Parent*, 125 Vt. 475, 475, 218 A.2d 717, 717 (1965); see also 13 V.S.A. § 7031(a) (enjoining courts from sentencing defendants for a fixed term unless term is fixed by statute). The State responds that the decision to impose a minimum sentence is discretionary; thus, the failure to do so cannot be grounds for reversal. We agree with the State's general assertion. See 13 V.S.A. § 7031 (sentencing court "*shall* establish a maximum and *may* establish a minimum term for which such respondent may be held in imprisonment") (emphasis added); *Bruley*, 129 Vt. at 130, 274 A.2d at 471 (noting 1970 amendment substituting permissive for mandatory language reflected legislative intent to make setting of minimum term discretionary such that "[court] could establish the maximum time for confinement without reference to a lesser time"). Indeed, the statutory scheme governing

---

[3] In pertinent part, 13 V.S.A. § 7031(a) provides that when a person is sentenced to any term of imprisonment, the court "shall establish a maximum and may establish a minimum term for which such respondent may be held in imprisonment."

parole anticipates sentences with no minimum. See 28 V.S.A. § 501 (providing that inmate shall be eligible for parole after twelve months when inmate's sentence has no minimum or minimum of zero). Furthermore, the Legislature has established mandatory minimum sentences for many crimes that would presumably control in the absence of a minimum term set by the trial court. See, e.g., 13 V.S.A. § 502 (establishing two-year minimum sentence for first degree arson); *id.* § 2602 (establishing one-year minimum sentence for first offense of lewd or lascivious conduct with a child).

¶ 18. The State's argument, however, rests on the erroneous assumption that the trial court did not set any minimum sentence on the charge. In fact, the trial court in this case *did* set both a minimum *and* a maximum term on the charge of cruelty to a child. The mittimus on the charge of cruelty to a child set forth a sentence with a minimum of twenty-four months and a maximum of two years — terms of identical length. Thus, the trial court did not simply decline to impose a minimum sentence; rather, it specifically attempted to establish a minimum equal to the maximum term. In these circumstances, the minimum term is not valid. See *Bruley*, 129 Vt. at 130, 274 A.2d at 471 (although court could have declined to establish minimum sentence in light of amendment to § 7031, insofar as court attempted to establish minimum identical to maximum term, sentence was invalid).

¶ 19. Because of the error in the minimum term, we strike the sentence imposed on the charge of cruelty to a child. The State notes that the court intended to impose an aggregate sentence on the two charges linked to programming by the Corrections Department once defendant is incarcerated. Because that intent is shown by the record, we also strike the sentence for domestic assault and remand for resentencing on both offenses.[4]

---

[4] Defendant requests that this case be specifically remanded to a different judge for sentencing — implying that the original sentencing judge should be recused due to possible prejudice. "A party seeking a trial judge's recusal must make a clear and affirmative showing of bias or prejudice." *Ball v. Melsur Corp.*, 161 Vt. 35, 40, 633 A.2d 705, 710 (1993), and defendant here has made neither legal nor factual argument in support of her request. Accordingly, the request is denied.

*Defendant's sentences are stricken, and the case is remanded for resentencing. The judgment of conviction on both charges is affirmed.*

