*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2015-015

OCTOBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Levi Davis | } | DOCKET NO. 1437-9-12 Rdcr |

Trial Judge: Theresa S. DiMauro

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction of aiding in the commission of the felony of assault and robbery following a jury trial. On appeal, defendant argues that the court committed plain error because the jury instructions allowed him to be convicted without a unanimous verdict. We conclude that the instructions did not amount to plain error and affirm.

The following facts were presented at trial. The victim testified that in September 2012, he was staying alone at a friend's house in Killington for a couple of days. He played golf during the day and for the evening contacted an escort, who came over with a friend and then left, indicating she would come back. When she did not return, the victim went to bed. At around 2:30 a.m., he was awakened, and found the escort and two males in the house. The victim identified defendant as one of the men. Defendant was speaking loudly about protecting the escort and at one point lifted his shirt and exposed a weapon in his waistband. The victim stated he had drunk beer during the day, but was not under the influence at that time. At one point, defendant left the room and then returned, speaking loudly. The victim turned toward him and the other perpetrator pulled the victim's arm from behind, put a blade against his throat, and explained he was being robbed. While the victim was being held, defendant screamed at the victim asking about the location of a safe. The victim responded that there was no safe, and gave the men the money in his wallet, and then the escort and the men left. The victim reported the incident immediately to police, who located the car and the three individuals.

Based on these facts, the State charged defendant with aiding in the commission of a felony, assault and robbery, "by exposing a weapon to [the victim] and demanding money and/or property, in violation of 13 V.S.A. § 3 and 13 V.S.A. § 608(a)."

In its instructions to the jury, the court explained the elements of assault and robbery. The court stated that the State had the burden of proving that defendant aided in the commission of the felony by assisting in the commission of the assault and robbery and doing so intentionally. The court explained defendant could do this by "intentionally associat[ing]

himself with the criminal venture and . . . intentionally participat[ing] in the criminal venture to help it succeed." The court further explained that defendant's participation could be proven by showing that he performed a particular act, but that mere presence at the scene was not sufficient. The court charged the jury that that it could find defendant participated "if he was present at the scene after having agreed to the unlawful common plan and if he encouraged or incited the principal actor." In addition, the court explained that the jury could find that defendant participated "if he was present by prior agreement with the specific purpose of encouraging or exciting [the principal actor] or of providing assistance to [the principal actor] if it should become necessary." Defendant did not object to the instructions, and the jury returned a guilty verdict.

On appeal, defendant argues that the court's instruction amounted to plain error because it did not require the jury to be unanimous on which act or acts amounted to aiding in the commission of the assault and robbery. Defendant asserts that it is possible some jurors found that defendant aided the principal by intentionally committing acts such as exposing a weapon and demanding money and other jurors could have believed defendant aided by simply being present and based on a prior agreement with the principal.

"We review jury instructions in their entirety, assigning error only when the entire charge undermines confidence in the verdict." State v. Lambert, 2003 VT 28, ¶ 14, 175 Vt. 275 (quotation omitted); see State v. Dusablon, 142 Vt. 95, 98 (1982) ("It is the established rule in Vermont when examining jury charges that if the instruction taken as a whole and not piecemeal, breathes the true spirit of the law, and if there is no fair ground to say that the jury has been misled, then it ought to stand. (quotation omitted)). In the absence of preservation, we review jury instructions for plain error, which occurs "only in extraordinary cases" where the error affects substantial rights and has "an unfair prejudicial impact on the jury's deliberations." Lambert, 2003 VT 28, ¶ 14 (quotations omitted).

We conclude that in this case when the instructions are viewed as a whole there was no plain error.. Following its instruction on aiding and abetting, the court explained that it was "necessary that each juror agree" to the verdict and that the "verdict must be unanimous." The instructions as a whole set forth the elements of the crime and also directed the jury to make its findings unanimously. As this Court has previously held, "the general instruction on unanimity was sufficient to safeguard defendant's constitutional rights." State v. Green, 2006 VT 64, ¶ 8, 180 Vt. 544 (mem.) (holding that instructions did not amount to plain error where court provided general instruction on unanimity); see also State v. Viens, 2009 VT 64, ¶ 23, 186 Vt. 138 (concluding court did not commit plain error where instructions required jurors to be unanimous on each element of crime).

Defendant's argument that the instruction nonetheless permitted the jury to convict defendant even though they were not unanimous as to the acts that supported the conviction is not persuasive. Defendant relies on the principle that "where the State charges a person with one unlawful act, but the evidence reflects two or more acts, the State can obtain only one conviction and should be required to elect which act constituted the charged crime." State v. Martel, 164 Vt. 501, 503. Defendant analogizes this case to State v. Deslandes, No. 2006-294, 2007 WL 5313301 (Vt. Apr. 25, 2007) (unpub. mem.), to support his assertion that the instructions in this case amounted to plain error because it allowed the jury to convict without agreeing on which act

satisfied the elements of the crime.[1] In <u>Deslandes</u>, the defendant was charged with driving under the influence (DUI) after he was found intoxicated in a warm car in a driveway. This Court reversed his conviction, concluding that the instructions did not require unanimity and some jurors could have concluded the defendant drove to the house intoxicated while others could have concluded he became intoxicated after arriving, but had the ability to drive. <u>Id</u>. at *2. Further, a question sent by the jury during its deliberations strongly suggested the jury was confused, which demonstrated the instruction was prejudicial to the defendant. <u>Id</u>. at *3.

The facts of this case differ from <u>Deslandes</u>, where there were two discrete acts which could have permitted the jury to convict, and defendant was prejudiced by the court's failure to require the jury to agree on one set of facts. Here, there was no distinction between separate acts; rather defendant's actions were presented at trial as a continuous whole. See <u>State v. Holcomb</u>, 156 Vt. 251, 255 (1991) (holding failure of court to force election of charge did not amount to plain error since defendant's acts were continuous and defendant did not distinguish between acts in preparing defense). As we explained in Holcomb, where facts are so "closely related, occurring in the same place within a relatively brief period and involving substantially identical contact between defendant and the victim," the multiple acts constitute one continuous offense. <u>Id</u>. at 255.

In addition, in this case there were not alternate sets of facts that could independently support a conviction. It was clear that State was alleging defendant aided in the crime by brandishing the gun and demanding money. The State set forth the particular facts it alleged amounted to aiding by alleging in the information that defendant aided in the commission of a felony, assault and robbery, "by exposing a weapon to [the victim] and demanding money and/or property" and the court read this charge during its instructions. As defendant's attorney stated in his closing statement "we know what he's been charged with: exposing a weapon, demanding property." Defendant's theory of the case was that he was present, and that the victim had been robbed, but that he did not have a gun and was not involved in the crime. This theory was advanced in both opening and closing statements. In opening statements, defendant's attorney asserted that defendant was merely present and did not have a weapon. In closing, defendant's attorney again attacked the evidence regarding the gun, and explained that defendant was not involved in the crime. Therefore, defendant was not prejudiced in the presentation of his case.

Defendant suggests that the court's instructions—outlining several different ways in which the jury could find that defendant aided and abetted—described several different paths to convict defendant, thus requiring an instruction requiring unanimity as to the basis for the jury's determination that defendant aided and abetted. This instruction did not supplant the requirement that the jury unanimously agree that defendant exposed a weapon. Instead, the court offered the jury various ways that it could infer that defendant had the requisite <u>intent</u> to aid and

---

[1] Deslandes was a nonprecedential opinion of a three-Justice panel of this Court. Our specific application of the law in Deslandes is thus nonprecedential, although the broader principle of law at issue is well established in our case law. Even though it was a non-precedential decision, we use Deslandes as a basis for comparison because defendant relies most heavily on it, and because the distinctions between the facts of that case and this one help illuminate the limits of the legal principle upon which defendant relies.

3

abet at the time that he brandished the weapon. The point of the instruction was to explain to the jury that it had to conclude that defendant intentionally associated himself with the criminal venture, and that his mere presence at the scene of the crime would not be sufficient to convict defendant. The court's acknowledgment in this context that it is possible for a person to aid in the commission of a crime without performing any particular act at the time of the crime did not negate the court's instruction that the State charged defendant with aiding by brandishing a weapon. Taking the instructions as a whole, we cannot conclude that the court's way of communicating this requirement unfairly prejudiced the jury's deliberations.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice