NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 110

No. 2017-374

State of Vermont

v.

Victor L. Pixley

Supreme Court

On Appeal from
Superior Court, Chittenden Unit,
Criminal Division

September Term, 2018

David Fenster, J.

Franklin L. Paulino, Chittenden County Deputy State's Attorney, Burlington, for
  Plaintiff-Appellee.

Matthew F. Valerio, Defender General, and Sarah Star, Appellate Defender, Montpelier,
  for Defendant-Appellant.


PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1. **REIBER, C.J.** Defendant appeals a conviction for unlawful trespass following a jury trial. On appeal, defendant argues that the court's instruction on the notice element of the trespass charge amounted to plain error. We affirm.

¶ 2. Defendant was charged with unlawful trespass in violation of 13 V.S.A. § 3705(a) after he was found in an unoccupied farmhouse. The State introduced the following evidence at trial. A trustee of the property testified that she was trying to sell the property and it was currently vacant. She stated that she had posted no-trespass signs on the property because it was not safe, and there were signs on the door, in the driveway, and on the barn. She also stated that there was a light above the front door directed at the posted sign. She further explained that the doors and

windows had been boarded up. She stated that on the day in question she passed by and noticed a truck that she did not recognize so she notified police. She stated that she did not know defendant and that he did not have permission to enter the property. The investigating police officer testified that when he went to the property, he saw yellow posted-private-property signs along the roadway and on the main door of the house. When he went inside, he found two men inside the house, one of whom was defendant.

¶ 3. Defendant testified that he is homeless, and he and his friend entered the property looking for a place to sleep. He stated that he entered the property at night and did not see any signs noticing against trespass. Defendant stated that he does not read so he would not have understood the signs in any event. In closing arguments, defendant admitted to entering the land and going into the farmhouse, but he argued that he was not provided with meaningful notice against trespass.

¶ 4. The court discussed the jury instructions with counsel, including the instruction regarding notice. Defense counsel suggested some language and after some changes, both sides agreed to the language as revised. The court charged the jury, instructing it on the elements of trespass as follows:

> That on April 25th, of 2017, at South Burlington, 1, [defendant], 2, entered a place specifically [the house address]. 3, that he did so either—that he did so without either legal authority or the consent of the person in lawful possession. And 4, that [defendant] had received notice against trespass, specifically in this case by signs or placards so designated and situated as to give reasonable notice.

The court then explained each element in more detail. The final element the court described in the following manner:

> The last element is that [defendant] had received notice against trespass, such notice may be proven through signs or placards so designed and situated as to give reasonable notice. That is, [defendant] received notice that he was not allowed to enter or remain on the premises. Even if there is no evidence that [defendant] received actual notice against trespass by means of

2

direct communication, you may find that he received notice against trespass if the owner, or the owner's agent, posted signs or placards that were designated and situated in a manner that provided reasonable notice.

Here the State alleges that the owner provided [defendant] with notice against trespass by signs indicating that trespassers would be prosecuted.

¶ 5. Neither side objected to the instructions after they were read. The jury returned a guilty verdict.

¶ 6. On appeal, defendant argues that the court committed plain error in instructing the jury. Defendant asserts that the State had to prove that defendant had actual notice against trespass to form the requisite intent for the charge of unlawful trespass. He also argues that the court effectively instructed the jury that it must find that defendant received notice.

¶ 7. Because defendant did not preserve his objections to the jury instructions,* we review for plain error, which occurs "only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." State v. Carpenter, 170 Vt. 371, 375, 749 A.2d 1137, 1139-40 (2000) (quotation omitted). When jury instructions are challenged on appeal, "[e]rror will be assigned only when the entire charge undermines our confidence in the verdict, and only in extraordinary cases will we find plain error." State v. Lambert, 2003 VT 28, ¶ 14, 175 Vt. 275, 830 A.2d 9 (quotation omitted).

---

* During the charge conference, the parties argued extensively about the required mental state to the notice element. By the end of the conference, defendant was satisfied with the court's proposed instruction. It is not entirely clear from the record whether the instruction the court delivered to the jury differed from the instruction agreed to by defendant. If it was the same, then defendant agreed to the instruction and his objection is unpreserved. If it was different, then defendant failed to preserve his objection by objecting at the close of the instructions. See V.R.Cr.P. 30(c) ("If any portion of the charge read to the jury differs in substance from the last version approved by the court on the record at the charge conference to which a party has objected in conformity with this rule, the party must object to that portion of the charge before the jury retires in order to preserve objection.").

¶ 8. In assessing whether the court's instruction accurately described the elements of trespass, we look to the statutory language defining the charge. We interpret the statute beginning with the plain language "and if the meaning is clear, we will enforce it according to its terms." State v. Richland, 2015 VT 126, ¶ 6, 200 Vt. 401, 132 A.3d 702.

¶ 9. Under the statute, a person commits unlawful trespass if "without legal authority or the consent of the person in lawful possession, he or she enters or remains on any land or in any place as to which notice against trespass is given." 13 V.S.A. § 3705(a)(1). Therefore, the statute requires two distinct elements: first, the license element—that the person is entering the land "without legal authority" or consent, and second, the notice element—that notice against trespass is provided for the property in question. Id.

¶ 10. This Court has previously interpreted the license element of trespass. In State v. Fanger, the defendant was charged with unlawful trespass after he forcibly entered an apartment in a building for which he was the manager. 164 Vt. 48, 665 A.2d 36 (1995). The defendant moved to dismiss the charge, arguing that the State failed to show that he knew he was not privileged to enter the apartment. This Court explained that Vermont's criminal trespass statute is based on the Model Penal Code and that both provide "that a trespass is committed only by a person 'knowing that he is not licensed or privileged to do so.' " Id. at 52, 665 A.2d at 38 (quoting Model Penal Code § 221.2(1) (1962)). We concluded that the statute created a "subjective standard" and it was not enough for "the State to show that defendant should have known he was not licensed or privileged to enter the dwelling." Id.

¶ 11. Based on Fanger and the Model Penal Code, defendant argues that to satisfy the intent element of the trespass charge, the State was required to prove that defendant subjectively received notice of trespass—in other words, that he actually saw the posted signs and understood those signs. He contends that the instructions, which allowed the jury to convict based on reasonable notice given by the property owner, were plain error.

4

¶ 12.  Defendant's reliance on <u>Fanger</u> is misplaced.  <u>Fanger</u> concerned the license element of trespass, which requires the State to prove a defendant's subjective knowledge that he or she lacks "legal authority or the consent of the person in lawful possession."  <u>Id</u>. § 3705(a)(1).  In this case, there was no dispute about the license element.  Defendant does not argue that the State failed to prove that he knew he did not have legal authority or consent to enter the property.  In fact, in his own testimony, defendant admitted that he did not own the house and did not have permission from anyone to be there.  Moreover, on appeal, defendant does not argue that the court's instructions as to the license element were inadequate.

¶ 13.  The contested element in this case is the notice element.  Defendant essentially argues that even if he knew that he had no legal authority or consent to be on the premises, he cannot be convicted unless the State proves that he saw and understood the posted notices against trespass.  The statute allows notice of trespass to be given by actual communication or by "signs or placards so designed and situated as to give reasonable notice."  <u>Id</u>. § 3705(a)(1)(B).  We conclude that the statute allows notice to be proven with objective evidence of reasonable notice through signage and without showing that a defendant subjectively saw and understood the signs.

¶ 14.  We reach this conclusion foremost from the plain language of the statute, which allows the State to demonstrate notice in several ways, including through "actual communication" by law enforcement or the person in lawful possession or by signs that provide "reasonable notice." <u>Id</u>. § 3705(a)(1)(A), (B).  The fact that the Legislature separated "actual communication" from "reasonable notice" indicates that the two options were meant to convey different standards. Further, use of the word "reasonable" connotes an objective rather than subjective standard.  See <u>In re E.C.</u>, 2010 VT 50, ¶¶ 7-8, 188 Vt. 546, 1 A.3d 1007 (mem.) (concluding that statutory definition, which included words "should reasonably be expected," provided objective standard). If the Legislature had intended that the State prove defendant's subjective knowledge of the signs, it would have used "actual notice" in reference to signage and not "reasonable notice."  To read

5

the statutory language as requiring that a defendant actually see and understand the signs would go beyond the language of the statute. See State v. Stell, 2007 VT 106, ¶ 12, 182 Vt. 368, 937 A.2d 649 (explaining that this Court assumes "the Legislature intended the plain and ordinary meaning of the language it used" and will depart from ordinary and usual meaning only when purpose of legislation would be defeated).

¶ 15.    Even the Model Penal Code (MPC), upon which defendant relies, separates the license element from the notice element. Under the MPC, a trespass is committed if the person, "knowing that he is not licensed or privileged to do so," enters a place to which notice against trespass has been given by "actual communication" or posting "reasonably likely to come to the attention of intruders." Model Penal Code § 221.2. The MPC drafters explain that criminal trespass "covers one who enters without privilege, or remains surreptitiously within, a building or occupied structure, as well as one who enters or remains in any place as to which notice against trespass is given." Model Penal Code § 221.1 explanatory note.

¶ 16.    In accordance with the statutory language, the instructions in this case properly directed the jury that it could find defendant received notice "if the owner, or the owner's agent posted signs or placards that were designated and situated in a manner that provided reasonable notice." Therefore, the instruction accurately reflected the notice element of the applicable law.

¶ 17.    There is no merit to defendant's assertion that one statement by the court effectively directed the jury to find that defendant received notice. In describing the elements, the court stated that defendant had to receive notice against trespass, which could be provided with signs, and then commented, "[t]hat is, [defendant] received notice that he was not allowed to enter or remain on the premises." The court's statement provided a clarifying and more-detailed description of the "notice against trespass" referred to in the prior sentence. The statement did not direct the jury that it was required to find that defendant had received notice against trespass. When the instructions are considered as a whole, they accurately conveyed the notice element of the offense.

6

See State v. Jackowski, 2006 VT 119, ¶ 4, 181 Vt. 73, 915 A.2d 767 (explaining that jury instructions will be upheld unless "instructions as a whole were misleading or inadequate to aid the jury's deliberations" (quotation omitted)).  Therefore, there are no grounds for reversal.

Affirmed.

FOR THE COURT:

Chief Justice