**UNITED STATES of America,**
**Appellee,**

v.

**Benito JIMINEZ–ROBLES, Appellant.**

**No. 23381.**

United States Court of Appeals
Ninth Circuit.

Aug. 6, 1969.

Howard J. Bechefsky, of Sheela, Lightner, Hughes, Hilmen & Castro, San Diego, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before DUNIWAY, and CARTER, Circuit Judges, and CROCKER,* District Judge.

JAMES M. CARTER, Circuit Judge:

This is an appeal from the judgment of the district court sentencing appellant following a jury verdict of guilty on two counts of a three count indictment. Count I charged that appellant knowingly concealed and facilitated the transportation and concealment of illegally imported narcotics. Count III charged that appellant conspired to knowingly conceal and facilitate the transportation, concealment and unlawful sale of illegally imported narcotics. Both counts charged a violation of 21 U.S.C. § 174.

Appellant's only contention is that the prosecution's introduction of evidence concerning prior offenses was prejudicial misconduct.

The pertinent facts may be summarized as follows:

On September 5, 1967 Figueroa, a Federal Narcotics Agent, and Oscar Palm, an informant, met appellant and his brother in Glendale. Palm and Figueroa had a conversation with appellant and his brother concerning the purchase of heroin.

On November 24, appellant's brother telephoned Palm. Thereafter, Palm contacted Figueroa and other government agents and, the next day, went with them to San Ysidro. Pursuant to instructions from appellant's brother, Palm rented a motel room and waited with Figueroa for the delivery of heroin. Some time after 5:00 p. m. appellant arrived at the motel room. He told Figueroa and Palm that "the old man" was coming from Mexico with the "stuff." While waiting for the delivery, appellant had a conversation with Figueroa which included an offer by appellant to Figueroa to go into the heroin business with him.

When "the old man" arrived he pulled the heroin from his pants and handed it to appellant, who handed it to Figueroa. Appellant was then arrested.

At the trial, agent Figueroa gave testimony concerning his conversation with appellant in the motel room. He stated that appellant "more or less bragged to us about his—I would say narcotic dealings in the San Diego and Los Angeles area." After this statement the court immediately recessed. The next morning Figueroa resumed his testimony.

"GOTT: [Assistant United States Attorney] Mr. Figueroa, at the recess yesterday afternoon we were talking about what was going on in the motel

* Hon. Myron D. Crocker, United States District Judge, Eastern District of California, sitting by designation.

room, as I recall; Benny [Appellant] had already arrived, I think. Now, what further happened in the motel room after the initial conversation?

"FIGUEROA: You mean after he came in and we started to talk? He hold me about his episodes in the Los Angeles and San Diego area—.

"CHAPMAN: [Counsel for appellant] I object Your Honor.

"GOTT: Wait a minute. We don't want to go into those areas. Just say what else happened.

"COURT: The objection is sustained. The last answer of the witness will be stricken."

Appellant contends that the admission of testimony concerning his narcotic dealings in Los Angeles and San Diego was prejudicial misconduct. In appellant's view this amounted to evidence of prior criminal activity, which was inadmissible. In support of this proposition appellant cites Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L. Ed. 168.

Granted, the *general* rule is, as appellant asserts, that evidence of prior criminal conduct is inadmissible. However, one well established exception to this rule is that such prior criminal conduct can be introduced to show state of mind or intent, design, knowledge or lack of innocent purpose. Craft v. United States, 403 F.2d 360 (9 Cir. 1968); Metheany v. United States, 390 F.2d 559 (9 Cir. 1968); Asher v. United States, 394 F.2d 424 (9 Cir. 1968). Even *Michelson*, cited by appellant, acknowledged the fact that the rule is subject to exception:

"There are also well-established exceptions where evidence as to other transactions or a course of fraudulent conduct is admitted to establish fraudulent intent as an element of the crime charged." 335 U.S. at 475–476, 69 S.Ct. at 218 f. n. 8.

An element of the criminal conduct proscribed by 21 U.S.C. § 174 is scienter. Appellant contended at trial that he "was merely delivering a mes-

sage" when he went to the motel room. Therefore, it was appropriate for the Government to introduce evidence tending to show the requisite intent.

Judgment affirmed.