UNITED STATES of America,
Appellee,

v.

Fidel RODRIGUEZ, Appellant.

No. 71–2616.

United States Court of Appeals,
Ninth Circuit.

May 1, 1972.

Anthony S. Deutsch, Deputy Public Defender (argued), James M. McCabe, William A. Brockett, San Diego, Cal., for appellant.

Douglas G. Hendricks, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before MERRILL and GOODWIN, Circuit Judges, and WHELAN, District Judge.*

ALFRED T. GOODWIN, Circuit Judge:

Fidel Rodriguez appeals from a conviction of conspiracy to smuggle and transportation of marijuana in violation of 21 U.S.C. § 176a.[1]

Rodriguez contends that the district court erred in permitting the jury to hear evidence of a prior similar act.

Two months before his arrest on the present charge, Rodriguez was stopped and questioned briefly as he drove away from a Los Angeles residence which had been under surveillance for illegal narcotics and marijuana activity. Rodriguez had parked his pickup truck on the street. He was seen entering the

---

* The Honorable Francis C. Whelan, United States District Judge for the Central District of California, sitting by designation.

1. The statute in effect at the time of the offense charged.

house. He emerged with another man, who looked up and down the street and then directed Rodriguez to back his truck into the garage. Rodriguez backed into the garage, and a few minutes later drove away. The police then stopped him to check his identity. Other officers, with a warrant, searched the house and garage. The police found 18 "kilos" of marijuana in the garage from which Rodriguez had just driven his truck. Other evidence also linked this marijuana to Rodriguez's truck.

Two months later, one Mario Proa was arrested in Rodriguez's truck at the Tecate, California, Port of Entry. Proa was returning from Mexico with 114 kilos of marijuana in the truck. Proa testified at trial that he had been hired by Rodriguez to drive the truck and its cargo through the Port of Entry. Rodriguez was not in the truck, but the government had evidence that he had been in the truck in Mexico earlier the same day. Rodriguez relied mainly on alibi witnesses who tended to contradict the testimony which placed him in the truck.

■ Rodriguez first contends that evidence of the prior act was inadmissible because it was "poisoned" by an illegal arrest. He argues that his detention after he left the Los Angeles residence was an arrest made without probable cause. However, the police had good reason to stop Rodriguez, Wilson v. Porter, 361 F.2d 412 (9th Cir. 1966), and, given the circumstances, their brief, on-the-scene detention for identification purposes was reasonable. Arnold v. United States, 382 F.2d 4, 7 (9th Cir. 1967). There was no illegal arrest.

■ Rodriguez also contends that the prior transportation and delivery of a commercial load of marijuana is not sufficiently similar to the facts of this case to be of probative value on the issues of his intent, method of dealing, or motive. We disagree. See Enriquez v. United States, 314 F.2d 703, 713 (9th Cir. 1963).

■ We need not pass upon Rodriguez's tendered argument that he was willing to admit his criminal intent if the jury should disbelieve his alibi and find that he had accompanied Proa to Mexico. A conditional, or qualified, offer to stipulate, not accepted by the government or by the trial judge, gives a defendant no standing to complain that damaging evidence came in when a proper stipulation and a different trial strategy might have kept it from the jury. See Klepper v. United States, 331 F.2d 694, 699 n. 3 (9th Cir. 1964).

■ Finally, Rodriguez asserts that the district judge erred in excusing a juror during voir dire. A litigant has no vested right to keep a particular juror on the panel, and the trial judge has broad discretion in excusing veniremen whom he has reason to believe may not be able to give both sides a fair trial. United States v. Puff, 211 F.2d 171, 185, 48 A.L.R.2d 540 (2d Cir.), cert. denied, 347 U.S. 963, 74 S.Ct. 713, 98 L.Ed. 1106 (1954).

Affirmed.