**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Paul HASLEY, Defendant-Appellant.**

**No. 72–1352.**

United States Court of Appeals, Ninth Circuit.

Aug. 28, 1972.

Richard G. Sherman, Beverly Hills, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., James W. Meyers, Stephen G. Nelson, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS, HAMLEY and WRIGHT, Circuit Judges.

PER CURIAM:

Following his conviction by a jury of conspiring to smuggle marijuana in violation of 21 U.S.C. § 176a, Hasley has appealed, urging two points: (1) the trial court erred in admitting in evidence a photograph from which the jail booking number had not been removed, and (2) there was error in admitting testimony of appellant's prior similar acts. We affirm.

An identification photograph of an alleged accomplice had a jail booking number which should have been removed by government counsel before its admission in evidence. We see no prejudice to defendant. The situation is similar to that in United States v. Glasser,

116 F.2d 690 (7th Cir. 1940), modified, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and we choose to follow that precedent.

A witness, William Joos, testified that he had made five trips across the border with loads of marijuana on behalf of appellant in a period of 18 months. The last trip terminated with Joos' arrest in February, 1969. The witness also testified to appellant's trips to Mexico to purchase the marijuana. The jury was admonished that Joos' testimony was admitted only to show appellant's state of mind or intent.

It is the general rule that evidence of prior criminal conduct is inadmissible. One exception allows such evidence to show state of mind or intent, design, knowledge or lack of innocent purpose. United States v. Jiminez-Robles, 415 F. 2d 308, 310 (9th Cir. 1969). Here, the prior similar acts were not remote nor dissimilar to the criminal activity charged. Our recent decision in United States v. Rodriguez, 459 F.2d 983 (9th Cir. 1972) involved a similar state of facts and is decisive of the issue raised here.

Affirmed.