**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Austin J. SHELTON, aka Sonny,**
**Defendant—Appellant.**

No. 02–10096.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided June 1, 2004.

Andrea Limmer, Esq., U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

F. Randall Cunliffe, Esq., Cunliffe & Cook, Hagatna, GU, Austin J. Shelton, Sheridan, OR, for Defendant–Appellant.

Before: REINHARDT, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Austin J. "Sonny" Shelton appeals his sentence and conviction of one money laundering, two wire fraud, three trade restraint, and six bribery offenses. Because the parties are familiar with the facts and procedural history, we need not recount them here. We affirm Shelton's conviction, but vacate his sentence and remand for resentencing.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I

Shelton argues that the district court's sua sponte dismissal of several jurors, coupled with an apparent attempt to keep one juror on the panel, warrant reversal. We have long recognized that "[t]he district court has broad discretion over how it conducts voir dire and how it supervises trials." *Mena v. City of Simi Valley,* 332 F.3d 1255, 1268 (9th Cir.2003) (citation omitted). In this case, where defense counsel did not object, we review the proceedings for plain error. *United States v. Steele,* 298 F.3d 906, 910 (9th Cir.2002), *cert. denied,* 537 U.S. 1096, 123 S.Ct. 710, 154 L.Ed.2d 646 (2002).

A "litigant has no vested right to keep a particular juror on the panel." *United States v. Rodriguez,* 459 F.2d 983, 984 (9th Cir.1972). Even if a veniremen is excused *sua sponte* without sufficient cause, reversal is not warranted where a defendant suffers no prejudice. *United States v. Calhoun,* 542 F.2d 1094, 1103 (9th Cir.1976).

There are a number of disturbing aspects to the trial court's conduct of voir dire in this case. For example, the court exhorted one potential juror that it would like to have him remain on the jury, and that the court would speak to the juror's superior officers to make sure the juror stayed in the jury pool. As the district court stated, "If they give you any shit, you'd better let me know about it real quick, okay, and I'll take care of it ... I really need you on this trial." The court also excused a number of jurors on somewhat ambiguous grounds, such as non-verbal communication.

■ However, Shelton's counsel did not object to the dismissal of most of the potential jurors, nor to the trial court's statements to the potential juror, nor to any of the alternates who substituted for the jurors. The juror that the court apparently wanted on the jury ultimately was not selected for the panel. Thus, Shelton has failed to demonstrate any prejudice resulting from the trial court's conduct of voir dire, and has failed to meet the demanding requirement of demonstrating plain error.

Similarly, a reversal for judicial bias is not warranted. A claim for the disqualification and recusal of a judge is reviewed for plain error when raised for the first time on appeal. *United States v. Bosch,* 951 F.2d 1546, 1548 (9th Cir.1991). A review of the record does not show bias sufficient to reverse the conviction under the plain error standard. *Id.* at 1549 (holding that a judge's exasperation and occasional impatience does not show bias).

## II

■ The district court also did not plainly err in admitting evidence under FED. R. EVID. 404(b). Other "bad acts" need not be identical to the charged conduct to be admissible under Rule 404(b). *United States v. Johnson,* 132 F.3d 1279, 1283 (9th Cir.1997). "[S]ubsequent Rule 404(b) evidence may be relevant and admissible," because Rule 404(b) does not distinguish between prior and subsequent acts. *United States v. Hinostroza,* 297 F.3d 924, 928 (9th Cir.2002). Here, Shelton's other bad acts were sufficiently connected to the charged conduct to be admissible under Rule 404(b) even if one occurred subsequent to the charged offenses.

Shelton's argument that the district court should have instructed the jury concerning which charge the prior bad acts were related to is not persuasive. Shelton's counsel never requested such an instruction. Moreover, the district court provided a limiting instruction that the evidence could only be used to determine the defendant's intent, plan, knowledge or absence of mistake. We have held such a

limiting instruction sufficient to correctly inform the jury of the purpose and limitations of the evidence. *See United States v. Simas,* 937 F.2d 459, 464 (9th Cir.1991).

Finally, although Shelton complains that only a single witness testified about one of his prior bad acts, we have held that testimony by a single witness is sufficient evidence of other bad acts. *See United States v. Hinton,* 31 F.3d 817, 823 (9th Cir.1994).

### III

■ Because Shelton failed to object to any of the government's alleged vouching, we review his contentions for plain error. *United States v. Wallace,* 848 F.2d 1464, 1473 (9th Cir.1988). Inappropriate prosecutorial statements, standing alone, do not justify reversal without a showing of prejudicial error. *United States v. Young,* 470 U.S. 1, 11–12, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). In this case, Shelton complains that the prosecutor twice said "I understand that," in response to a witness statement. Here, even assuming, without deciding, that the prosecutorial statements constitute improper vouching, Shelton fails to demonstrate how the statements create such a prejudice that they caused manifest injustice. Consequently, there was no plain error in this regard. *See United States v. Necoechea,* 986 F.2d 1273, 1281 (9th Cir.1993).

■ Shelton also complains that the prosecutor committed misconduct in his closing argument by asking the jury whether a witnesses's testimony "had the ring of truth," referencing a witness's voluntary return to testify, and referring to evidence that a particular witness did not have a plea agreement. All of the statements were either direct references to, or permissible inferences from, the evidence. None of the statements amount to miscon-

duct warranting reversal, especially under the plain error standard.

### IV

Shelton claims two errors regarding the jury instructions: (1) the court failed to instruct the jury that the first theory of wire fraud required him to use or cause a wire to be used "to carry out or attempt to carry out an essential part of the scheme," although this language was included in the second theory of wire fraud; and (2) the district court improperly instructed the jury with regard to the bribery counts by stating that the Department of Parks and Recreation need not directly receive federal funds.

### A

If a party fails to object to a jury instruction at trial, we review the instructions for plain error. "Improper jury instructions will rarely justify a finding of plain error." *United States v. Tavakkoly,* 238 F.3d 1062, 1066 (9th Cir.2001) (citations and internal quotations omitted). Despite Shelton's argument to the contrary, a review of the record indicates he did not object to the specific error raised on appeal regarding the wire fraud instructions. Therefore, we review for plain error.

■ While the jury instruction regarding the first theory of wire fraud lacked the required "carry out" language, the missing language was supplied by a subsequent instruction which defined when a "wiring" is caused. Thus, when the instructions are read as a whole the missing language does not constitute plain error. *See United States v. Woods,* 335 F.3d 993, 997 (9th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 586, 157 L.Ed.2d 444 (2003) (explaining that jury instructions must be considered as a whole and in context).

Further, the district court only included a "materiality" element to the wire fraud theory requiring a false statement, but omitted it as an element in the scheme to defraud citizens of honest services. *Neder v. United States* merely required a "falsehood" to be material, 527 U.S. 1, 22–25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), while we have explained that a scheme to defraud need only be reasonably calculated to deceive even if there is no misrepresentation of a single fact. *Woods,* 335 F.3d at 998. Here, the district court concluded the first wire fraud theory focused on a scheme without false statements, while the second required a false statement. Consequently, the district court's omission of materiality under the first wire fraud theory was not plain error.

### B

Whether a jury instruction misstates an element of the statutory crime is reviewed *de novo.* A district court's failure to instruct the jury on an element of a crime may be harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1191, 1197 (9th Cir.2000) (en banc) (citations and internal quotations omitted).

■ The bribery statute Shelton was convicted under only applies if an agency or organization receives benefits over $10,000 under a federal program in a one year period. 18 U.S.C. § 666(b). The only two required elements to sustain a conviction are (1) the defendant must be an agent of a government agency *receiving* $10,000 or more in annual federal funding; and (2) the bribe must exceed $5,000. *Simas,* 937 F.2d at 463.

Here, the jury instruction improperly stated the law by instructing the jury that the Department of Parks and Recreation need not receive federal funds directly. This instruction directly contravenes the plain statutory language and our precedent that an agency must directly receive federal funding. *See United States v. Cabrera,* 328 F.3d 506, 509 (9th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 2386, 158 L.Ed.2d 965 (2004). Although improper, the erroneous jury instruction was harmless beyond a reasonable doubt because the evidence presented at trial clearly established that the Department of Parks and Recreation received over $10,000 in federal funds in a year. Indeed, Shelton concedes on appeal that FEMA paid over $10,000 in federal funds through draw downs and does not argue that the Department of Parks and Recreation failed to receive the required federal funds. Therefore, although erroneous, the misstated jury instruction was harmless error.

Shelton's remaining arguments regarding this issue lack a legal foundation. *See Salinas v. United States,* 522 U.S. 52, 60, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997) (holding that § 666 does not require the government to prove federal funds were involved in the bribery transaction); *United States v. Bynum,* 327 F.3d 986, 993 (9th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 279, 157 L.Ed.2d 195 (2003) (holding that if some "federal nexus" must be demonstrated, it is a question of law that must be decided prior to trial); *see generally Sabri v. United States,* —— U.S. ——, 124 S.Ct. 1941, 158 L.Ed. 2d 891 (2004).

### V

■ We review the denial of a special verdict form for an abuse of discretion. *Landes Constr. Co. v. Royal Bank of Canada,* 833 F.2d 1365, 1374 (9th Cir.1987). The use of special verdict forms in criminal trials is generally disfavored. *United States v. Reed,* 147 F.3d 1178, 1180 (9th

142

Cir.1998). In this case, the form was submitted late and a proper unanimity instruction was given. Therefore, we conclude that the district court did not abuse its discretion by denying the form. *Landes*, 833 F.2d at 1374; *United States v. Jessee*, 605 F.2d 430, 431 (9th Cir.1979).

## VI

Shelton challenges the sufficiency of the evidence related to the wire fraud charges. In order to sustain a conviction for wire fraud, the government must prove that the defendant (1) participated in a scheme with intent to defraud; and (2) used the wires to further the scheme. *United States v. Ciccone*, 219 F.3d 1078, 1084 (9th Cir.2000). The second element requires a showing that the accused both caused the wires to be used and the use was sufficiently related to the scheme. *See United States v. Serang*, 156 F.3d 910, 914 (9th Cir.1998).

■ A review of the record demonstrates sufficient evidence indicating that use of the wires was at least incidental to an essential part of the scheme. *See, e.g., Serang*, 156 F.3d at 914–15; *Schmuck v. United States*, 489 U.S. 705, 712, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). Moreover, even if Shelton did not intend the wires to be used, evidence indicated that he could have reasonably foreseen such use. *See United States v. Hubbard*, 96 F.3d 1223, 1229 (9th Cir.1996). Therefore, the evidence sufficiently supports the wire fraud convictions.

## VII

■ Shelton alleges that he was denied due process by the exclusion of evidence he offered into evidence in defense of Count 15 of the indictment. However, given that he was acquitted on the charge described in Count 15, he is unable to demonstrate any prejudice, much less show that he was unable to present a defense to the charge.

## VIII

The district court erred in sentencing Shelton because it relied on a invalid reason for applying an upward departure pursuant to U.S.S.G. § 5K2.0. A district court may depart upward from the sentence dictated in the Sentencing Guidelines if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0 (2002). Under the bribery guidelines, the Sentencing Commission noted that an upward departure is warranted in cases where the "monetary value of the unlawful payment may not be known or may not adequately reflect the seriousness of the offense." U.S.S.G. § 2C1.1 Application Note 4 (2002). When departing upward, the court must consider what features take the case outside the heartland of a specific guideline—including whether the features are forbidden, encouraged or discouraged by the Sentencing Commission. *Koon v. United States*, 518 U.S. 81, 95, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

■ In the instant case, the district court relied on two aggravating factors that it concluded were outside the "heartland" of § 2C1.1. First, the court concluded that Shelton's conduct "has thus far and may permanently prevent the Government of Guam from receiving reimbursement for its expenditures for the projects involved in this case for which the defendant took bribes." While the ultimate cost of Shelton's actions remains unclear, the evidence certainly indicates that he delayed, obstructed and possibly permanently jeopardized reimbursement by the Federal

Emergency Management Agency (FEMA). This factor does not relate to bribes for corrupt purposes such as influencing a public official to participate in a fraud or to influence official actions. *See* U.S.S.G. § 2C1.1 Background Commentary (2002). Therefore, the district court appropriately relied on this factor as outside the heartland of § 2C1.1.

However, the district court abused its discretion by relying on the "intangible" factor that Shelton's actions may have jeopardized future expeditious FEMA assistance. Even assuming Shelton's actions caused FEMA to employ additional cumbersome safeguards to prevent future bribery or fraud, whether expeditious future assistance would be jeopardized is simply too speculative and attenuated from Shelton's actions to be a reliable departure factor. *See, e.g., United States v. Dayea,* 32 F.3d 1377, 1382 (9th Cir.1994) (concluding that a departure factor was inappropriate without evidence before the district court demonstrating the actual type of harm); *United States v. Sarno,* 73 F.3d 1470, 1502 (9th Cir.1995) (concluding that an upward departure must be based upon harm reasonably linked to a defendant).

Because the district court did not conclude that either factor, standing alone, warranted the upward departure, "[w]hen some of the reasons stated are proper and some are improper, we must vacate and remand for resentencing." *United States v. Hines,* 26 F.3d 1469, 1477 (9th Cir.1994) (citations and internal quotations omitted).

### IX

 The district court did not err in refusing to group offenses together in applying the Sentencing Guidelines. Counts must be grouped together when they involve the same harm. The same harm occurs when counts "involve the same victim and two or more acts or transactions" connected to the same scheme or criminal objective. U.S.S.G. § 3D1.2(b) (2002). Where society at large is the victim, "the sentencing court must go on to determine whether 'the societal *interests* that are harmed are *closely related.*'" *United States v. Nanthanseng,* 221 F.3d 1082, 1084 (9th Cir.2000) (quoting U.S.S.G. § 3D1.2 Application Note 2) (emphasis original).

While all counts in the present case victimize society at large, the district court correctly concluded that the societal interests are not closely related. Specifically, the district court concluded that bribery, wire fraud and money laundering relate to an interest involving the right to honest services from officials. The court then determined that bid rigging involved the distinct societal interest of free and open competition. Consequently, the district court correctly grouped the Sherman Act trade restraint counts separately because the interest those counts protect is unfettered competition, allocation of economic resources and low prices. *See Northern Pac. Ry. Co. v. United States,* 356 U.S. 1, 4, 78 S.Ct. 514, 2 L.Ed.2d 545 (1958). Not by any account is this societal interest "closely related" to the interest of protecting the integrity of federal funds which is facilitated by the bribery counts. *See United States v. Wyncoop,* 11 F.3d 119, 122 (9th Cir.1993). Thus, § 3D1.2(b) does not require all counts to be grouped together.

### X

 Although Shelton challenges the district court's failure to grant his motion to continue sentencing to further "research" whether the seated judge should be recused, actual prejudice must be shown before a denial of a continuance will be reversed. *United States v. Hernandez,* 608 F.2d 741, 746 (9th Cir.1979).

On appeal, Shelton does not indicate what evidence "might" be disclosed if the continuance had been granted and further research conducted. Therefore, what "[m]ight have been discovered had a continuance been granted is inadequate to establish prejudice." *Id.*

## XI

In conclusion, we affirm Shelton's conviction. We vacate the sentence because the court relied on an invalid factor in imposing a three-level upward departure.

**AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR RESENTENCING**